SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

ANITA CRANE, )
9770 Hagel Circle )
Lorton, VA 22079 )
 )
        Plaintiff, )
 )
v. ) C.A. No.   05-0007704
 )
NATIONAL CABLE SATELLITE CORPORATION )
aka C-SPAN )
400 North Capitol Street )
Suite 650 )
Washington, D.C. 20001 )
 ) **JURY TRIAL DEMANDED**
        Defendant. )
 )



RECEIVED
Civil Clerk's Office
SEP 2 1 2005
Superior Court of the
District of Columbia
Washington, D.C.

**COMPLAINT**
**(DISCRIMINATION IN EMPLOYMENT ON THE BASIS OF DISABILITY,**
**RELIGION, AND RETALIATION)**

Plaintiff Anita Crane by her attorneys, John F. Karl, Jr., and Karl & Tarone, sues her former employer and states:

### I. PARTIES AND JURISDICTION

1. This Court has jurisdiction pursuant to § 11-921 of the D.C. Code (1981).

2. This Court has personal jurisdiction over the defendant pursuant to D.C. Code §13-423 because defendant's principal place of business is in the District of Columbia and because defendants caused tortious injury to plaintiff in the District of Columbia.

3. Plaintiff Crane is a resident of Lorton, Virginia. Plaintiff is Roman Catholic and suffers from chronic diabetes that causes blurring of her vision when she is placed under excessive stress. Plaintiff raises claims under Title VII of the Civil Rights Act of 1964, as amended.

## II. BACKGROUND FACTS

4. Plaintiff Crane was employed by defendant as a Promotions Producer and received good performance reviews from 1999 to 2002. However, in February 5, 2002, defendant subjected plaintiff to disparate treatment and discrimination on the basis of her religion and disability. On February 5, 2003, defendant rated Crane's performance as "unsuccessful" and placed her on 90-day probationary period. Plaintiff objected to this review and the probation and advised defendant that ongoing stress at work caused her to suffer blurred vision.

5. On February 27, 2003, defendant demanded her resignation because she suffered from chronic diabetes and its complications, including blurred vision. Plaintiff refused to resign.

6. On April 23, 2003, Ms. Crane engaged in protected activity by submitting an internal complaint of discrimination to defendant's Executive Vice President.

7. In retaliation for engaging in protected activity and for discriminatory reasons, defendant demoted Ms. Crane on June 25, 2003.

8. Defendant and its employees also subjected Ms. Crane to negative comments about her Roman Catholic religion, thereby creating a hostile work environment.

9. On October 3, 2003, defendant terminated Ms. Crane's employment for discriminatory and retaliatory reasons.

10. Plaintiff exhausted her administrative remedies by filing with the District of Columbia Office of Human Rights ("OHR") and then seeking review of the OHR's investigation by the Equal Employment Opportunity Commission ("EEOC"). The EEOC issued a Notice of Right to Sue letter to plaintiff by letter dated June 20, 2005 that was returned by the U.S. Post Office to the EEOC on July 11, 2005. Plaintiff Received the Notice of Right to Sue on August 8, 2005.

## COUNT I
## (DISCRIMINATION ON THE BASIS OF DISABILITY, RELIGION, AND RETALIATION)

11. Plaintiff repeats and incorporates by reference all of the allegations set forth in ¶1 though 10 above.

12. Defendant subjected plaintiff's work to heightened scrutiny and created double standard for evaluation of her work. Defendant pressured her to resign, placed her on probation, demoted her and later fired her. Defendant discriminated and retaliated against plaintiff on the basis of her disability and her religion. Defendant then retaliated against plaintiff for engaging in protected activity in violation of Title VII of the Civil Rights Act of 1964.

WHEREFORE, plaintiff demands declaratory and injunctive relief against defendant that defendant violated the Civil Rights Act of 1964 and that she is entitled to reinstatement. Plaintiff also seeks compensatory damages in the amount of $300,000 in compensatory and punitive damages, plus interest, reasonable attorney's fees and costs. Plaintiff further requests the Court grant such other and further relief as the Court deems appropriate, proper and just.

Respectfully submitted,

*/s/ John F. Karl*
John F. Karl, Jr. #292458
Karl & Tarone
900 17th Street, NW, Suite 1250
Washington, DC 20006
202.293.3200
202.429.1851 (fax)
Counsel for Plaintiff
jfklaw@igc.org

## JURY DEMAND

Plaintiff demands a trial by jury.

_____
John F. Karl, Jr.

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001  Telephone: 879-1133

Anita Crane
                               *Plaintiff*

vs.

National Cable Satellite Corporation
                               *Defendant*

05-0007704

Civil Action No. _____

## SUMMONS

To the above named Defendant:

  You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below**. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

  You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

John F. Karl, Jr.
Name of Plaintiff's Attorney

Karl & Tarone
Address
900 17th St, NW; Suite 1250

202.293.3200
Telephone

By _____
        Deputy Clerk

Date  9-21-05

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 93

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

ANITA CRANE
Vs.
NATIONAL CABLE SATELLITE CORPORATION

C.A. No.   2005 CA 007704 B

## INITIAL ORDER

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(o).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive reading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge as an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Civil Assignment Office (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to:  Judge FREDERICK H. WEISBERG
Date: September 21, 2005
Initial Conference: 9:30 am, Friday, December 23, 2005
Location:  Courtroom 318
           500 Indiana Avenue N.W.
           WASHINGTON, DC  20001

Caio.doc