**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ANITA CRANE )<br>       )<br>    Plaintiff    )<br>       )<br>v.       )<br>       )<br>NATIONAL CABLE SATELLITE )<br>CORPORATION    )<br>       )<br>    Defendant.    )<br>_____) | Civil Action No. 1:05-cv-02052-RMU |

**ANSWER**

Defendant National Cable Satellite Corporation ("NCSC"), by and through counsel, hereby answers Plaintiff Anita Crane's ("Plaintiff" or "Crane") Complaint. Defendant denies that Plaintiff has any claim against Defendant and denies that Plaintiff sustained any damages on account of any action or omission of Defendant.

**I.  PARTIES AND JURISDICTION**

1. Answering paragraph 1, Defendant states that paragraph 1 alleges a legal conclusion to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations of paragraph 1.

2. Answering paragraph 2, Defendant states that paragraph 2 alleges a legal conclusion to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations of paragraph 2.  Defendant further denies that it caused any injury to Plaintiff.

3. Answering the first and second sentences of paragraph 3, Defendant is without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, the allegations of the first and second sentences of paragraph 3.  Answering the third sentence of

paragraph 3, Defendant admits that Plaintiff's Complaint purports to bring claims under Title VII of the Civil Rights Act of 1964, as amended. Except as expressly admitted, Defendant denies the allegations of paragraph 3.

## II. BACKGROUND FACTS

4.   Answering the first sentence of paragraph 4, Defendant admits that, for a period of time, it employed Plaintiff as a Promotions Producer but denies the remaining allegations of the first sentence of paragraph 4 as stated. Defendant denies the allegations of the second sentence of paragraph 4. Answering the third sentence of paragraph 4, Defendant admits that it placed Plaintiff on an initial 90-day probation period but denies the remaining allegations of the third sentence of paragraph 4 as stated. Defendant denies the remaining allegations of Paragraph 4. Except as expressly admitted, Defendant denies the allegations of paragraph 4.

5.   Answering paragraph 5, Defendant denies the allegations of paragraph 5.

6.   Answering paragraph 6, Defendant denies the allegations of paragraph 6.

7.   Answering paragraph 7, Defendant denies the allegations of paragraph 7.

8.   Answering paragraph 8, Defendant denies the allegations of paragraph 8.

9.   Answering paragraph 9, Defendant denies the allegations of paragraph 9.

10.   Answering the first sentence of paragraph 10, Defendant states that the first sentence of paragraph 10 alleges a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant denies the allegations of the first sentence of paragraph 10. Answering the second and third sentences of paragraph 10, Defendant is without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, the allegations of the second and third sentences of paragraph 10. Except as expressly admitted, Defendant denies the allegations of paragraph 10.

## COUNT I
## (DISCRIMINATION ON THE BASIS OF DISABILITY, RELIGION, AND RETALIATION)

11. Answering paragraph 11 of the Complaint, Defendant incorporates by reference its responses to the allegations contained in paragraphs 1 through 10 of the Complaint.

12. Answering paragraph 12, Defendant denies the allegations of paragraph 12.

WHEREFORE Clause Following Paragraph 12. Defendant denies that Plaintiff is entitled to judgment or any relief or damages requested, including the relief and damages requested in the "Wherefore" clause following paragraph 12 of the Complaint. Defendant denies the allegations of the "Wherefore" clause following paragraph 12 of the Complaint.

13. All allegations not heretofore admitted or denied are specifically and fully denied.

## JURY DEMAND

Answering the separately titled Jury Demand portion of the Complaint, Defendant admits that Plaintiff seeks a trial by jury but denies that she is entitled to a jury trial.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. Any actions taken by Defendant toward Plaintiff were taken for legitimate non-discriminatory, non-retaliatory business reasons.

3. To the extent Plaintiff seeks punitive damages, they are barred because the alleged acts or omissions of the Defendant fail to rise to the level required to sustain an award of punitive damages, do not evidence a malicious, reckless or fraudulent intent to deny Plaintiff her protected rights, and are not so wanton or willful as to support an award of punitive damages.

4.    Plaintiff is not entitled to punitive damages because Defendant made good faith efforts to comply with all applicable anti-discrimination and anti-retaliation laws.

5.    Upon information and belief, all or a portion of Plaintiff's claims are barred for failure to mitigate damages.

6.    Defendant expressly denies that any of its employees, officers, or agents acted in any manner that would constitute discrimination or retaliation; however, if Plaintiff's rights were violated, any such violation occurred outside the scope of employment and without the consent of Defendant. Defendant did not and does not authorize, condone, ratify or tolerate discrimination or retaliation, but instead prohibited and prohibits it, and any such conduct may not be attributed to Defendant through principles of agency, respondeat superior or otherwise.

7.    Upon information and belief, Plaintiff's own conduct, omissions and/or negligence may bar her recovery.

8.    Claims in Plaintiff's Complaint are barred by the applicable statutes of limitation.

9.    Claims in Plaintiff's Complaint are barred by the election of remedies doctrine.

Defendant reserves the right to amend this Answer by adding additional affirmative defenses or counterclaims as further investigation, discovery and circumstances may warrant.

WHEREFORE, Defendant prays that:

1.    Plaintiff's Complaint be dismissed with prejudice in its entirety and that judgment be entered in favor of Defendant;

2.    Plaintiff takes nothing by her Complaint;

3.    The Court deny Plaintiff her requested relief;

4. The Court award Defendant its costs and attorney's fees; and

5. The Court award Defendant such further relief as it deems just and proper.

        Respectfully submitted,

        NATIONAL CABLE SATELLITE
        CORPORATION


By: _____/s/_____
   Joseph R. Damato, Esq., # 358130
   Raymond C. Baldwin, Esq., # 461514
   David M. Burns, Esq. # 466167
   SEYFARTH SHAW LLP
   815 Connecticut Avenue, N.W., Suite 500
   Washington, DC 20006-4004
   (202) 463-2400
   (202) 828-5393 (fax)

Dated: October 26, 2005        Attorneys for Defendant