**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ANITA CRANE | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:05-cv-02052-RMU |
| | ) | |
| NATIONAL CABLE SATELLITE CORPORATION | ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT – PLAINTIFF'S CLAIMS ARE UNTIMELY**

Defendant National Cable Satellite Corporation (hereinafter "NCSC" or "Defendant"), by undersigned counsel and pursuant to Rule 56(c) of the Federal Rules of Civil Procedure and this Court's Local Rules 7.1 and 56.1, hereby submits this Motion for Summary Judgment.

Plaintiff brings claims against her former employer, NCSC, for religion and disability discrimination and retaliation under Title VII of the Civil Rights Act of 1964. Plaintiff has sworn in an affidavit that her attorney received the United States Equal Employment Opportunity Commission's ("EEOC") January 24, 2005 Notice of Right To Sue on May 23, 2005, and that she actually received it from her attorney in "late May, 2005." To timely bring her claims, Plaintiff had to file her lawsuit within 90 days of her receipt of the January 24, 2005 Notice of Right To Sue. However, she did not file her suit until September 21, 2005, well past the 90 day limit. Accordingly, her claims are untimely.

For this reason, and as more fully discussed in the accompanying memorandum of points and authorities, Plaintiff's claims must be dismissed

                                      Respectfully submitted,

                                      NATIONAL CABLE SATELLITE
                                      CORPORATION


                                      By:   /s/ Raymond C. Baldwin
                                            Raymond C. Baldwin, Esq., # 461514
                                            David M. Burns, Esq. # 466167

                                      SEYFARTH SHAW LLP
                                      815 Connecticut Avenue, N.W., Suite 500
                                      Washington, DC 20006-4004
                                      (202) 463-2400
                                      (202) 828-5393 (fax)

Dated: April 20, 2006                           Attorneys for Defendant

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ANITA CRANE )<br>)<br>   Plaintiff )<br>)<br>v. )<br>)<br>NATIONAL CABLE SATELLITE )<br>CORPORATION )<br>)<br>   Defendant. )<br>_____) | Civil Action No. 1:05-cv-02052-RMU |

**MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY**
**JUDGMENT – PLAINTIFF'S CLAIMS ARE UNTIMELY**

  Defendant National Cable Satellite Corporation (hereinafter "NCSC" or "Defendant"), pursuant to Local Rules 7.1 and 56.1, hereby submits this memorandum of points and authorities in support of its Motion for Summary Judgment. Plaintiff's claims are irrefutably untimely, and should be dismissed.

**FACTUAL BACKGROUND**[1]

*Plaintiff Files An Administrative Charge And Identifies Her Attorney*

  On or about November 11, 2003, Plaintiff Anita Crane ("Plaintiff") filed an administrative charge with the District of Columbia Office of Human Rights ("DCOHR") and the United States Equal Employment Opportunity Commission ("EEOC") alleging that Defendant, her former employer, discriminated against her based on disability and religion and retaliated against her in violation of Title VII of the Civil Rights Act of 1964.[2] Exh. 1. In filing

---

[1]   In accordance with Local Rule 7.1(h), Defendant is also filing a separate Statement of Material Facts Not In Dispute herewith.

[2]   Plaintiff's complaint erroneously purports to bring her disability claim under Title VII.

her charge, Plaintiff indicated that she was represented by attorney John F. Karl, Jr. of McDonald & Karl, 900 17th Street, NW, Suite 1250, Washington, DC 2006.  Exh. 2.  During the investigation, Mr. Karl communicated with the DCOHR with respect to Plaintiff's charge.  Exh. 3.

On August 4, 2004, the DCOHR issued a Letter of Determination finding no probable cause on each of Plaintiff's claims.  Exh. 4.

***The EEOC Issues A Right To Sue Notice On January 24, 2005 And Plaintiff and Her Attorney Receive It In May 2005***

On January 24, 2005, the EEOC issued to Plaintiff a "Dismissal and Notice of Rights" ("January 24, 2005 Right to Sue Notice").  Exh. 5.  The January 24, 2005 Right to Sue Notice stated:

> **Title VII, the Americans with Disabilities Act** . . . You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this Notice**; or your right to sue based on this charge will be lost.

Exh. 5 (emphasis in original).  Plaintiff did not immediately receive a copy of the January 24, 2005 Right to Sue Notice because the EEOC had sent it to an old address of Plaintiff.  Pl. Aff. ¶ 2 (attached as Exh. 6)**.**  On May 23, 2005, Plaintiff's attorney, Mr. Karl "received a copy of the [January 24, 2005] Notice of Right to Sue . . . when this was faxed to him by Bruce Collins of [Defendant]."  Pl. Aff. ¶¶ 1, 5 (attached as Exh. 6).  Plaintiff's attorney "provided [Plaintiff] with a copy of this [January 24, 2005 Right to Sue] Notice in late May, 2005."  Pl. Aff. ¶¶ 1, 5 (attached as Exh. 6).

On June 20, 2005, the EEOC issued another copy of the January 24, 2005 Right to Sue Notice, noting:  "Reissue of RTS issued on 1/24/05.  Original was mailed to wrong address."  Exh. 7.  This reissued Right to Sue Notice was mailed to Mr. Karl's address.  *Id.*  Inexplicably, Mr. Karl contacted the EEOC in August 2005, and asked the EEOC to "issue an amended Notice

2

of Right To Sue, " and the EEOC faxed a copy of the reissued January 24, 2005 Right to Sue Notice to Plaintiff's attorney on August 8, 2005.  Exh. 8.

*Plaintiff Did Not File Her Lawsuit Within 90 Days Of Her Attorney's Receipt Or Her Actual Receipt Of The January 24, 2005 Right to Sue Notice*

Ninety (90) days from May 23, 2005, the date on which Plaintiff's attorney indisputably received the January 24, 2005 Right to Sue Notice, was August 21, 2005.  Ninety (90) days from May 31, 2005, the latest possible date on which Plaintiff herself actually received the January 24, 2005 Right to Sue Notice, was August 29, 2005.  Plaintiff did not file her lawsuit until September 21, 2005, more than 90 days after both she and her attorney actually received the January 24, 2005 Right to Sue Notice.  Compl. at 1 (D.C. Superior Court Clerk's date stamp).

## ARGUMENT

Judgment must be entered in Defendant's favor on all of Plaintiff's discrimination claims because her claims are untimely.

**I.    SUMMARY JUDGMENT IS WARRANTED IN THIS CASE**

    **A.    Legal Standards**

Plaintiff's claims are ripe for summary disposition.  Under Rule 56 of the Federal Rules of Civil Procedure, a party is entitled to summary judgment as a matter of law when the evidence demonstrates that there is no genuine issue as to any material fact.  Fed. R. Civ. P. 56.

    **B.    Plaintiff's Claims Are Untimely; Plaintiff Filed Her Lawsuit More Than 90 Days After Her Attorney's Receipt And Her Actual Receipt Of The January 24, 2005 Right to Sue Notice**

"The Act affords a complainant 90 days after *receipt* of a right-to-sue notice from the [EEOC] to bring suit in court."  *Josiah-Faeduwor v. Communications Satellite Corp.*, 785 F.2d 344, 344 (D.C. Cir. 1986) (citing 42 U.S.C. § 2000e-5(f)(1)) (emphasis added); *Christmas v. Spellings*, 404 F. Supp. 2d 239, 240 (D.D.C. 2005) ("A Title VII action must be filed "within

3

ninety days" after receipt of notice an administrative decision on Plaintiff's EEO complaint."). The same 90 day time limit to bring a Title VII claim applies to claims under the Americans With Disabilities Act. *See* 42 U.S.C. § 12117(a) (incorporating the "powers, remedies, and procedures sect forth in sections . . . [42 U.S.C. §] 2000e-5).

Notice "to a party's attorney imputes notice to the party." *Deskins v. Barry*, 729 F. Supp. 1, 2 (D.D.C. 1989); *Josiah-Faeduwor*, 785 F.2d at 345. Here, Plaintiff has sworn in an affidavit that her attorney, who has represented her throughout the administrative charge stage through the present, actually received the January 24, 2005 Right to Sue Notice on May 23, 2005. Thus, the 90 day period to file suit began to run as of that date and expired on August 21, 2005. Moreover, Plaintiff has sworn that she actually received a copy of the January 24, 2005 Right to Sue Notice from her attorney in "late May, 2005." Pl. Aff. ¶¶ 1, 5 (attached as Exh. 6). Assuming for the sake of argument that she actually received it on May 31, 2005 (the latest date in May) and that the 90 day period to file suit began to run as of that date (as opposed to when her attorney received it), her time to file suit expired on August 29, 2005. Plaintiff did not file her lawsuit until September 21, 2005. Accordingly, her lawsuit is untimely and must be dismissed.

Plaintiff will likely argue that the 90 day period should not have run from May 23 or 31, 2005, but should run from August 8, 2005 when her attorney received the "reissue" of the January 24, 2005 Right to Sue Notice.[3] Such argument would be squarely misplaced and has been rejected by courts faced with such argument.

---

[3]   Disturbingly, Plaintiff's complaint, signed by Plaintiff's counsel, wholly omits the fact that he received the January 24, 2005 Right to Sue Notice on May 23, 2005 and wholly omits that he provided a copy of it to Plaintiff in late May 2005. Rather, the complaint states that the "EEOC issued a Notice of Right to Sue letter to Plaintiff by letter dated June 20, 2005" and that she received it on August 8, 2005. It does not reflect that this was simply a reissue of the January 24, 2005 Right to Sue Notice that he and Plaintiff had previously received, and leaves the Court with the distinct impression that the reissued notice was the only notice issued.

In *Lo v. Pan American World Airways*, 787 F.2d 827, 828 (2d Cir. 1986), the plaintiff had received a right to sue notice but did not file suit within 90 days. She then secured a "second" right to sue notice from the EEOC and brought suit within 90 days of that second notice, which was "based upon a charge involving exactly the same facts as in the first Notice." *Id.* The court held:

> [W]hether the present action is time barred must be determined with reference to only the first Notice of Right to Sue. Otherwise, the time limitations of 42 U.S.C. § 2000e-5(f)(1) would be meaningless, because potential Title VII plaintiffs could evade those requirements simply by seeking additional Notices of Right to Sue whenever they pleased.

*Id.*; *see also Price v. Greenspan*, 374 F. Supp. 2d 177 (D.D.C. 2005) (quoting and citing *Lo* with approval).

In *Morehead v. Genuine Parts Co./NAPA*, 1999 WL 33117122, No. 99-250-P-H, *2 (D. Me. Dec. 12, 1999)[4], the EEOC issued a right to sue notice to plaintiff and defendant, but neither the plaintiff nor her attorney received the notice from the EEOC. Approximately five months after the EEOC had issued the notice, plaintiff's counsel spoke with defendant's attorney. The defendant's attorney informed plaintiff's attorney that the EEOC had issued the right to sue notice five months earlier. Rather than file suit, plaintiff's attorney then asked the EEOC to issue a second right to sue notice. *Id.* Plaintiff did not file suit until more than 90 days after her attorney spoke with defendant's attorney and learned of the right to sue notice. The court held that plaintiff's lawsuit was time-barred. *Id.* *4. The court noted that "[i]t is the actual knowledge or awareness of the claimant or her designated representative that governs." "It has also been established that notification of the claimant or her attorney directly by the EEOC is not

---

[4] This opinion was recommended by a magistrate judge and affirmed by the court by order dated January 31, 2000. *See* Exhibit 9.

necessary, if accurate information concerning the agency's action is provided by a third party."

*Id.* at *3. Accordingly, the court dismissed the claim as untimely:

> When a claimant has constructive knowledge of the fact that her EEOC claim has been dismissed and a right-to-sue letter has issued, she may not extend the applicable period of limitations for filing suit in federal court by insisting on delivery of a copy of the letter in hand or notice directly from the EEOC before she takes the very action that she could have taken upon receipt of that constructive knowledge.

*Id.* at *4.

In *Billings v. Wichita State University*, 557 F. Supp. 1348, 1352 (D. Kan. 1983), the plaintiff did not receive the initial Title VII right to sue notice. Apparently, not knowing the status of her administrative case and seeking to move it along, plaintiff contacted her congressman for assistance. The congressman obtained a copy of the right to sue notice and forwarded it to the plaintiff. The plaintiff then requested that a second right to sue notice be issued. More than 90 days after plaintiff received the first right to sue notice from the congressman, a second right to sue notice was sent to plaintiff, and the plaintiff then filed a lawsuit within 90 days of receiving the second notice. *Id.* The court dismissed the plaintiff's lawsuit as untimely. *Id.* at 1353. In so doing, the court noted that the second notice was "in all material respects identical" to the first notice and stated:

> [A] right to sue letter is not a talisman whose power is lost if it is xeroxed or passed through a congressman's hands. If the [first right to sue notice received from the congressman] was not sufficient to constitute the notice required by statute, then the running of the limitations period would be postponed at least until plaintiff might bestir herself to seek a new copy that in no practical sense improves on the old. As recently stated by the Court of Appeals for the Eleventh Circuit, "there is no reason why a plaintiff should enjoy a manipulable open-ended time extension which could render the statutory limitation period meaningless." *Lewis v. Conners Steel Co.*, 673 F.2d 1240, 1242 (11th Cir. 1982).

*Id.*

6

Finally, in *Santini v. Cleveland Clinic Florida*, 232 F.3d 823, 824 (11th Cir. 2000), the Title VII plaintiff received an undated right to sue notice from the EEOC. The plaintiff's attorney informed the EEOC that the notice was undated, and the EEOC issued a second notice dated after the issuance of the first notice. The plaintiff then filed her lawsuit within 90 days of the second notice, but more than 90 days after receiving the first notice. The trial court dismissed the plaintiff's claim as untimely, and the Eleventh Circuit affirmed. The Court held:

> A second Notice tolls the limitation period only if the EEOC issues such Notice pursuant to a reconsideration on the merits under 29 C.F.R. § 1601.21(b), (d). *See, e.g., Gitlitz v. Compagnie Nationale Air France*, 129 F.3d 554, 557 (11th Cir. 1997) ("[A] second EEOC letter . . . [is] not effective if there [is] no reconsideration") (citing *Gonzalez v. Firestone Tire & Rubber*, 610 F.2d 241, 246 (5th Cir. 1980)). Here, the EEOC reissued a Notice merely to correct a technical defect rather than pursuant to a reconsideration of the Charge. Because the issuance of a second Notice [at the later date] is immaterial, the district court did not err in finding that [plaintiff's] federal claims were time-barred.

*Id.* at 825. Likewise, in *Dougherty v. Barry*, 869 F.2d 605, 610-11 (D.C. Cir. 1989), the District of Columbia Circuit held that a "second notice" not the result of a timely reconsideration under the regulations "should not work to recover a lost right to sue."

As in the cases discussed above, Plaintiff in this case actually received a copy of the January 24, 2005 Right to Sue Notice no later than May 31, 2005. The "second" notice of right to sue was nothing more than a reissue of the January 24, 2005 Right to Sue Notice with respect to her one and only administrative charge, and was not issued as a result of a timely reconsideration by the EEOC. Accordingly, to timely file her lawsuit, Plaintiff had to do so within 90 days of May 23, 2005, when her attorney actually received the January 24, 2005 Right to Sue Notice (or, arguably, May 31, 2005 when she received a copy from her attorney). Plaintiff did not file her complaint until September 21, 2005, more than 90 days later. Thus, her claims are untimely, should be dismissed, and judgment should be entered for Defendant.

## **CONCLUSION**

For all of the foregoing reasons, Defendant NCSC respectfully requests that the Court enter judgment in its favor and dismiss Plaintiff's case with prejudice.[5]

        Respectfully submitted,

        NATIONAL CABLE SATELLITE
        CORPORATION


        By:   /s/ Raymond C. Baldwin
            Raymond C. Baldwin, Esq., # 461514
            David M. Burns, Esq. # 466167

        SEYFARTH SHAW LLP
        815 Connecticut Avenue, N.W., Suite 500
        Washington, DC 20006-4004
        (202) 463-2400
        (202) 828-5393 (fax)

Dated: April 20, 2006        Attorneys for Defendant

---

[5] Because Plaintiff's claims are unequivocally time-barred, Defendant respectfully submits that discovery should be immediately stayed pending resolution of this motion. Following the opportunity to confer with Plaintiff's counsel, Defendant will file a separate motion to this effect.

8

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ANITA CRANE ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil Action No. 1:05-cv-02052-RMU |
| ) | |
| NATIONAL CABLE SATELLITE ) | |
| CORPORATION ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**DEFENDANT'S STATEMENT OF MATERIAL FACTS NOT IN DISPUTE**

Defendant National Cable Satellite Corporation (hereinafter "NCSC" or "Defendant"), pursuant to Rules 7.1(h) and 56.1 of the Local Rules of the United States District Court for the District of Columbia, hereby submits this Statement of Material Facts Not in Dispute.

*Plaintiff Files An Administrative Charge And Identifies Her Attorney*

1. On or about November 11, 2003, Plaintiff Anita Crane ("Plaintiff") filed an administrative charge with the District of Columbia Office of Human Rights ("DCOHR") and the United States Equal Employment Opportunity Commission ("EEOC") alleging that Defendant, her former employer, discriminated against her based on disability and religion and retaliated against her in violation of Title VII of the Civil Rights Act of 1964, as amended.  Exh. 1.

2. In filing her charge, Plaintiff indicated that she was represented by attorney John F. Karl, Jr. of McDonald & Karl, 900 17th Street, NW, Suite 1250, Washington, DC 2006.  Exh. 2.  During the investigation, Mr. Karl communicated with the DCOHR with respect to Plaintiff's charge.  Exh. 3.

3.   On August 4, 2004, the DCOHR issued a Letter of Determination finding no probable cause on each of Plaintiff's claims.  Exh. 4.

*The EEOC Issues A Right To Sue Notice On January 24, 2005 And Plaintiff and Her Attorney Receive It In May 2005*

4.   On January 24, 2005, the EEOC issued to Plaintiff a "Dismissal and Notice of Rights" ("January 24, 2005 Right to Sue Notice").  Exh. 5.  The January 24, 2005 Right to Sue Notice stated:

> **Title VII, the Americans with Disabilities Act** . . . You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this Notice**; or your right to sue based on this charge will be lost.

Exh. 5 (emphasis in original).

5.   Plaintiff did not immediately receive a copy of the January 24, 2005 Right to Sue Notice because the EEOC had sent it to an old address of Plaintiff.  Pl. Aff. ¶ 2 (attached as Exh. 6).

6.   On May 23, 2005, Plaintiff's attorney, Mr. Karl "received a copy of the [January 24, 2005] Notice of Right to Sue . . . when this was faxed to him by Bruce Collins of [Defendant]."  Pl. Aff. ¶¶ 1, 5 (attached as Exh. 6).

7.   Plaintiff's attorney "provided [Plaintiff] with a copy of this [January 24, 2005 Right to Sue] Notice in late May, 2005."  Pl. Aff. ¶¶ 1, 5 (attached as Exh. 6).

*Plaintiff Did Not File Her Lawsuit Within 90 Days Of Her Attorney's Receipt Or Her Actual Receipt Of The January 24, 2005 Right to Sue Notice*

8.   Ninety (90) days from May 23, 2005, the date on which Plaintiff's attorney received the January 24, 2005 Right to Sue Notice, was August 21, 2005.

9.   Ninety (90) days from May 31, 2005, the latest possible date on which Plaintiff actually received the January 24, 2005 Right to Sue Notice, was August 29, 2005.

DC1 30164781.2

10. Plaintiff did not file her lawsuit until September 21, 2005, more than 90 days after both she and her attorney actually received the January 24, 2005 Right to Sue Notice. Compl. at 1 (D.C. Superior Court Clerk's date stamp).

        Respectfully submitted,

        NATIONAL CABLE SATELLITE
        CORPORATION


By:  /s/ Raymond C. Baldwin
    Raymond C. Baldwin, Esq., # 461514
    David M. Burns, Esq. # 466167

    SEYFARTH SHAW LLP
    815 Connecticut Avenue, N.W., Suite 500
    Washington, DC 20006-4004
    (202) 463-2400
    (202) 828-5393 (fax)

Dated: April 20, 2006        Attorneys for Defendant

## CERTIFICATE OF SERVICE

I certify that true copies of the foregoing Defendant's Motion for Summary Judgment, memorandum of points and authorities in support thereof, and proposed order were served by hand delivery this 20th day of April, 2006 on:

>John F. Karl, Jr., Esq.
>Karl & Tarone
>900 17th Street, NW, Suite 1250
>Washington, DC 20006


>/s/ Raymond C. Baldwin
>Raymond C. Baldwin

DC1 30164781.2