GOVERNMENT OF THE DISTRICT OF COLUMBIA
Office of Human Rights



**Judiciary Square Office**
441 4th Street, NW Suite 570N
Washington, DC 20001
Phone: (202) 727-4559 • Fax: (202) 727-9589

**Kenneth L. Saunders**
Director

**Penn Branch Office**
3220 Pennsylvania Avenue, SE, 1st Fl
Washington, DC 20020
Phone: (202) 727-4559 • Fax: (202) 645-6390

## LETTER OF DETERMINATION

August 4, 2004

Ms. Anita C. Crane
c/o John F. Karl, Jr., Esq.
900 17th Street, N.W., Suite 1250
Washington, DC 20006

RE:   **Anita C. Crane v. National Cable Satellite Corporation**
        Docket No.: 04-064-P(CN)
        EEOC No.: 10CA400061

Dear Ms. Crane:

The Office of Human Rights ("OHR") has completed its investigation of the above-referenced complaint. You are referred to as "**COMPLAINANT**." National Cable Satellite Corporation is referred to as "**RESPONDENT**."

### ISSUES PRESENTED

1. Whether the Complainant was subjected to disparate treatment on the basis of her disability (diabetes and limited vision) (1) when Respondent demanded Complainant's resignation after learning of her medical condition; (2) when Respondent demoted Complainant and cut her salary by $14,700.00; (3) when Respondent ordered Complainant to provide weekly production logs; (4) when Respondent demanded that Complainant have zero errors in her work; and (5) when Respondent terminated Complainant's employment.

2. Whether the Complainant was subjected to disparate treatment on the basis of her religion (Catholic) when (1) Respondent questioned Complainant about how she got involved in working with "that Catholic stuff"; (2) when Complainant's supervisor referred to Complainant as being 'religious'; (3) when Complainant's co-worker made outbursts about the Pope being evil; and (4) when Complainant's co-worker told Complainant that he was offended to hear that she was a Catholic.

*Anita C. Crane v. National Cable Satellite Corporation*
Docket No.: 04-064-P(CN)
EEOC No.: 10CA400061
Page 19 of 20

## NO CAUSE DETERMINATION

For the foregoing reasons:

1. **NO PROBABLE CAUSE** that the Complainant was subjected to disparate treatment on the basis of her disability (diabetes and limited vision) (1) when Respondent demanded Complainant's resignation after learning of her medical condition; (2) when Respondent demoted Complainant and cut her salary by $14,700.00; (3) when Respondent ordered Complainant to provide weekly production logs; (4) when Respondent demanded that Complainant have zero errors in her work; and (5) when Respondent terminated Complainant's employment.

2. **NO PROBABLE CAUSE** that the Complainant was subjected to disparate treatment on the basis of her religion (Catholic) when (1) Respondent questioned Complainant about how she got involved in working with "that Catholic stuff"; (2) when Complainant's supervisor referred to Complainant as being 'religious'; (3) when Complainant's co-worker made outbursts about the Pope being evil; and (4) when Complainant's co-worker told Complainant that he was offended to hear that she was a Catholic.

3. **NO PROBABLE CAUSE** that the Complainant was subjected to disparate treatment on the basis of her political affiliation when Respondent's Legal Counsel encouraged Complainant to discuss her political opinion while at work against Respondent's work policy.

4. **NO PROBABLE CAUSE** that the Respondent retaliated against Complainant when Respondent placed Complainant on a 90-Day Probation, demoted Complainant and reduced her salary, and terminated Complainant because (1) Complainant challenged her Manager's claim that he was responsible for the success of Complainant's promo entitled "Fighting Wildfires" and (2) Complainant reported to the Executive Vice President that her Manager discriminated against her.

5. **NO PROBABLE CAUSE** that the Respondent subjected Complainant to a hostile work environment when (1) Respondent ordered Complainant to provide detailed weekly production logs; when (2) Respondent demanded zero errors in Complainant's work; when (4) Respondent rated Complainant's work performance as "unsuccessful"; when (5) Respondent placed Complainant on a 90-day probation; when (6) Respondent demanded Complainant's resignation because of her medical condition; when (7) Respondent demanded medical documentation as proof of Complainant's disability; and when (8) Respondent subjected Complainant to negative comments about her religion.

**IT IS SO ORDERED.**

*Anita C. Crane v. National Cable Satellite Corporation*
Docket No.: 04-064-P(CN)
EEOC No.: 10CA400061
Page 20 of 20

## RIGHT TO APPLY FOR RECONSIDERATION

Complainant may apply for reconsideration pursuant to 4 DCMR § 114.3. Such application along with all supporting documentation must be submitted to the Office of Human Rights in writing within **thirty (30) calendar days from the following date** _August 9, 2004_.

The grounds for reconsideration are limited to newly discovered evidence that is competent, relevant and material, and was not reasonably discoverable prior to the issuance of this determination. The newly discovered evidence must also be evidence that would alter the ultimate outcome in this case. If the request is not based on newly discovered evidence or not timely filed, it will be subject to dismissal. **COMPLAINANT MUST INCLUDE ALL SUPPORTING DOCUMENTATION AND REASONS FOR THE APPEAL IN THE ORIGINAL REQUEST FOR RECONSIDERATION.** The OHR may forward a copy of any application for reconsideration, along with all supporting documentation, to the other party for a response.

Pursuant to Agency Rule 1 of Section XV of the Rules of Civil Procedure for the Superior Court of the District of Columbia, Complainant has **thirty (30) days from the following date** _August 8, 2004_ to file a petition for review with Superior Court of the District of Columbia. Failure to apply for reconsideration does not prevent this appeal.

## RIGHT TO SUBSTANTIAL WEIGHT REVIEW

As a Complainant you have the right to a "Substantial Weight Review" from the U.S. Equal Employment Opportunity Commission (EEOC). To obtain a Substantial Weight Review, you must, within fifteen (15) calendar days, send your written request to: State and Local Coordinator, EEOC, 1400 L Street, N.W., Second Floor, Washington, D.C. 20005.

Respectfully submitted,

Kenneth Saunders
Director


cc:   National Cable Satellite Corporation
      Brian P. Lamb, Chairman & CEO
      400 N. Capitol Street, N.W., Suite 650
      Washington, D.C. 20001