Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 1999 WL 33117122 (D.Me.)
**(Cite as: Not Reported in F.Supp.2d)**

Page 1

C
Only the Westlaw citation is currently available.
United States District Court, D. Maine.
Donna L. MOREHEAD, Plaintiff
v.
GENUINE PARTS CO./NAPA, Defendant
**No. 99-250-P-H.**

Dec. 21, 1999.

*RECOMMENDED DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT*
COHEN, Magistrate J.

*1 The defendant seeks summary judgment in this action alleging employment discrimination on the basis of race and violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, based on the alleged untimely filing of the complaint. I recommend that the court grant the motion.

I. Summary Judgment Standard

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "A fact becomes material when it has the potential to affect the outcome of the suit." *Steinke v. Sungard Fin. Sys., Inc.,* 121 F.3d 763, 768 (1st Cir.1997). "By like token, 'genuine' means that 'the evidence about the fact is such that a reasonable jury could resolve the point in favor of the nonmoving party....' " *McCarthy v. Northwest Airlines, Inc.,* 56 F.3d 313, 315 (1st Cir.1995) (citations omitted). The party moving for summary judgment must demonstrate an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). In determining whether this burden is met, the court must view the record in the light most favorable to the nonmoving party and give that party the benefit of all reasonable inferences in its favor. *Cadle Co. v. Hayes,* 116 F.3d 957, 959 (1st Cir.1997). Once the moving party has made a preliminary showing that no genuine issue of material fact exists, "the nonmovant must contradict the showing by pointing to specific facts demonstrating that there is, indeed, a trialworthy issue." *National Amusements, Inc. v. Town of Dedham,* 43 F.3d 731, 735 (1st Cir.1995) (citing *Celotex,* 477 U.S. at 324); Fed.R.Civ.P. 56(e). "This is especially true in respect to claims or issues on which the nonmovant bears the burden of proof." *International Ass'n of Machinists & Aerospace Workers v. Winship Green Nursing Ctr.,* 103 F.3d 196, 200 (1st Cir.1996) (citations omitted).

II. Factual Background

The following undisputed material facts are taken from the parties' respective statements of material fact. On or about May 21, 1997, the plaintiff filed with the Equal Employment Opportunity Commission ("EEOC") and the Maine Human Rights Commission ("MHRC") a charge of discrimination against the defendant, which included both of the claims asserted in her complaint in this action. Charge of Discrimination, Exhibit 1 to Affidavit of Robert K. Haderlein ("Haderlein Aff.") (Attachment A to Defendant's Statement of Undisputed Material Facts in Support of Its Motion for Summary Judgment ("Defendant's SMF") (Docket No. 6)). The MHRC investigated the plaintiff's charge and issued a dismissal notice to the plaintiff and the defendant in August 1998. Letter dated August 26, 1998, Exhibit A to Affidavit of Donna L. Morehead ("Plaintiff's Aff.") (Docket No. 9). Both the plaintiff and her lawyer received this dismissal notice. Plaintiff's Aff. ¶ 7; Affidavit of Charles W. March ("March Aff.") (Docket No. 10) ¶ 6.

> FN1. Neither party has properly controverted the other party's statement of material facts as required by this court's Local Rule 56(c) & (d). Accordingly, all of the stated facts shall be deemed admitted if supported by citations to the record. Local Rule 56(e).

*2 The EEOC issued a Dismissal and Notice of Rights on the plaintiff's charge dated October 8, 1998 and mailed copies of this document to the plaintiff and to the defendant. Exh. 2 to Haderlein Aff.; Letter dated May 13, 1999, Exhibit C to March Aff. Neither the plaintiff nor her lawyer received the dismissal notice or a "Notice of Rights from the EEOC in Boston" informing her that she had the right to bring suit against the defendant within ninety days.

Case 1:05-cv-02052-RMU    Document 12-10    Filed 04/20/2006    Page 2 of 9

Not Reported in F.Supp.2d                                                                Page 2
Not Reported in F.Supp.2d, 1999 WL 33117122 (D.Me.)
(Cite as: Not Reported in F.Supp.2d)

Plaintiff's Aff. ¶ 8; March Aff. ¶ 7. The EEOC had not been informed that the plaintiff was represented by counsel in connection with her charge. March Aff. ¶ 13; Exh. C thereto.

On March 3, 1999 the plaintiff's lawyer telephoned the lawyer then representing the defendant to discuss the plaintiff's claims and was informed that the EEOC had issued a "right-to-sue" letter on the claim in October 1998. March Aff. ¶ 8. The defendant's lawyer stated that, since the time to file suit after the dismissal of the claim by the EEOC had run, the defendant was not interested in pursuing settlement discussions with the plaintiff. *Id;* Affidavit of Steven C. Ellingson, Attachment B to Defendant's SMF, ¶ 4. On March 9, 1999 the plaintiff's lawyer wrote to the director of the Boston office of the EEOC stating that he had been informed that a "Dismissal and Notice of Rights letter" on his client's charge had been issued by that office on October 8, 1998, that he had not received a copy of that letter, and that his client "either did not receive the Dismissal and Notice of Rights or failed to notify me of receipt, or both." Letter dated March 9, 1999, Exhibit B to March Aff. He requested "correspondence from you or a second right-to-sue letter ... to protect the rights of my client." *Id.*

By letter dated May 13, 1999 a supervisor in the Boston office of the EEOC responded to the lawyer's letter stating that the dismissal and notice of rights had been sent to the plaintiff on October 8, 1998 and had not been returned, that the office had no record of an appearance by the lawyer on the plaintiff's behalf, and that no second notice would be issued. Letter dated May 13, 1999, Exhibit C to March Aff. The plaintiff's lawyer wrote to this supervisor on May 19, 1999 again requesting that the EEOC office issue a second notice. Letter dated May 19, 1999, Exhibit D to March Aff. The director of the Boston EEOC office responded in a letter dated June 11, 1999 declining to issue a second notice and enclosing a copy of the first notice. Letter dated June 11, 1999, Exhibit E to March Aff. The plaintiff's lawyer received this letter on June 14, 1999. March Aff. ¶ 13. This action was filed on August 4, 1999. Docket.

Although the plaintiff frequently telephoned her lawyer's office with questions about mail that she received concerning her claim, she never called his office about a right-to-sue letter from the EEOC. March Aff. ¶¶ 14-15.

III. Discussion

Both the ADA claim and the claim of employment discrimination based on race are governed by the statute of limitations set forth in 42 U.S.C. § 2000e-5(f)(1). 42 U.S.C. § 12117(a)(ADA); 42 U.S.C. § 2000e-2(a) (race). See *Bonilla v. Muebles J.J. Alvarez, Inc.,* 194 F.3d 275, 277 (1st Cir.1999) (ADA mandates compliance with administrative procedures of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e). The relevant portion of section 2000e-5(f)(1) provides:

*3 If a charge filed with the Commission pursuant to subsection (b) of this section is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge or the expiration of any period of reference under subsection (c) or (d) of this section, whichever is later, the Commission has not filed a civil action under this section ... or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission ... shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge ... by the person claiming to be aggrieved.

The defendant here contends that the plaintiff received effective notice no later than March 3, 1999 when its former lawyer correctly informed the plaintiff's lawyer that the EEOC had dismissed her claim. This action was filed more than ninety days after March 3, 1999, and the defendant accordingly concludes that it is untimely. The plaintiff asserts in response that the ninety day period only began to run when her lawyer received a copy of the actual EEOC notice.

The plaintiff was represented by her current lawyer at all relevant times. It is well established in the jurisprudence of EEOC claims that notice to the lawyer who represents a charging party is sufficient notice to initiate the running of the 90-day period during which suit must be brought. *Irwin v. Department of Veterans Affairs,* 498 U.S. 89, 92-93 (1990); *Wagher v. Guy's Foods, Inc.,* 768 F.Supp. 321, 323 (D.Kan.1991). It is also well established that constructive notice, rather than actual physical receipt of the written notice, is sufficient for this purpose. E.g ., *Williams v. Enterprise Leasing Co. of Norfolk/Richmond,* 911 F.Supp. 988, 991 (E.D.Va.1995); *McCullough v. CSX Transp. R.R. Co.,* 64 Fair Empl. Prac. Cas. (BNA) 945, 1995 WL 141494 (E.D.Pa. Mar. 31, 1995), at *3-*4 (oral notice sufficient). It is the actual knowledge or awareness of the claimant or her designated representative that

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:05-cv-02052-RMU     Document 12-10     Filed 04/20/2006     Page 3 of 9

Not Reported in F.Supp.2d                                                                                     Page 3
Not Reported in F.Supp.2d, 1999 WL 33117122 (D.Me.)
**(Cite as: Not Reported in F.Supp.2d)**

governs. E.g., Cook v. Providence Hosp., 820 F.2d 176, 179 (6th Cir.1987); Tatum v. Community Bank, 866 F.Supp. 988, 994 (E.D.Tex.1994). The case law upon which the plaintiff relies in this case involves factual situations in which neither the claimant nor his or her attorney, if any, had any knowledge that the EEOC had dismissed the claim or that a right-to-sue letter had been sent by the EEOC. E.g., Stallworth v. Wells Fargo Armored Servs. Corp., 936 F.2d 522, 524-25 (11th Cir.1991); Plunkett v. Roadway Express, Inc., 504 F.2d 417 (10th Cir.1974). After March 3, 1999 that was clearly not the situation in this case. Finally, it has also been established that notification of the claimant or her attorney directly by the EEOC is not necessary, if accurate information concerning the agency's action is provided by a third party. Billings v. Wichita State Univ., 557 F.Supp. 1348, 1353 (D.Kan.1983) (plaintiff was given copy of right-to-sue letter by her congressman).

> FN2. The plaintiff's memorandum of law also relies on a reported opinion that was subsequently modified and severely limited by the court that issued it, Archie v. Chicago Truck Drivers, Helpers & Warehouse Workers Union, 585 F.2d 210 (7th Cir.1978), see St. Louis v. Alverno College, 744 F.2d 1314, 1316-17 (7th Cir.1984). Three other case citations in the memorandum contain typographical errors that make it difficult for the court to locate the cited material. This court expects better attention to the task at hand from the lawyers who practice before it.

*4 The plaintiff's memorandum of law mentions the doctrine of equitable tolling, although it is not clear whether she intends to invoke it in this case. Plaintiff's Opposition to Defendant's Motion for Summary Judgment, etc. (Docket No. 8) at 8-9. If she means to argue that the statute of limitations should be equitably tolled in this case until her attorney actually received a copy of the right-to-sue letter, or merely until her attorney was informed by the EEOC itself that a right-to-sue letter had been issued in October 1998, the doctrine of equitable tolling is not applicable to the factual circumstances present here.

In this circuit, "equitable tolling is not appropriate unless a claimant misses a filing deadline because of circumstances effectively beyond her control." Bonilla, 194 F.3d at 279. Here, there is no suggestion that either the EEOC or the defendant actively misled the plaintiff concerning the status of her claim or the procedural requirements applicable to it. Accepting the plaintiff's assertion that she never received the right-to-sue letter issued by the EEOC in October 1998, the fact remains that filing suit within 90 days after her lawyer received constructive notice of the existence of that letter on March 3, 1999 was in no sense beyond the plaintiff's control. See Watts-Means v. Prince George's Family Crisis Ctr., 7 F.3d 40, 42 (4th Cir.1993) (equitable tolling not appropriate where plaintiff did not file suit within 90 days of date postal service notified her that she could pick up what she suspected was notice letter from EEOC, but within 90 days of date when she actually picked up letter).

In light of the case law discussed above, I conclude that the 90-day period set by 42 U.S.C. § 2000e-5(f)(1) began to run on March 3, 1999 when the plaintiff's lawyer was correctly informed that the EEOC had issued in October 1998 a dismissal and right-to-sue letter with respect to the plaintiff's claim. When a claimant has constructive knowledge of the fact that her EEOC claim has been dismissed and a right-to-sue letter has issued, she may not extend the applicable period of limitations for filing suit in federal court by insisting on delivery of a copy of the letter in hand or notice directly from the EEOC before she takes the very action that she could have taken upon receipt of that constructive knowledge. Accordingly, I conclude that this action should be dismissed as untimely.

IV. Conclusion

For the foregoing reasons, I recommend that the defendant's motion for summary judgment be GRANTED.

NOTICE

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which* de novo *review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*5 *Failure to file a timely objection shall constitute a waiver of the right to* de novo *review by the district*

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d  
Not Reported in F.Supp.2d, 1999 WL 33117122 (D.Me.)  
**(Cite as: Not Reported in F.Supp.2d)**

Page 4

*court and to appeal the district court's order.*

D.Me.,1999.  
Morehead v. Genuine Parts Co./Napa  
Not Reported in F.Supp.2d, 1999 WL 33117122 (D.Me.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# U.S. District Court
## District of Maine (Portland)
### CIVIL DOCKET FOR CASE #: 2:99-cv-00250-DBH

MOREHEAD v. GENUINE PARTS CO/NAP
Assigned to: JUDGE D. BROCK HORNBY
Demand: $0
Cause: 42:2000 Job Discrimination (Race)

Date Filed: 08/04/1999
Jury Demand: Plaintiff
Nature of Suit: 442 Civil Rights: Jobs
Jurisdiction: Federal Question

**Plaintiff**

| | | |
|---|---|---|
| **DONNA L MOREHEAD** | represented by | **CHARLES W. MARCH**<br>REBEN, BENJAMIN, & MARCH<br>97 INDIA STREET<br>P.O. BOX 7060<br>PORTLAND, ME 04112<br>874-4771<br>Email: cmarch@rbmlawoffice.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **HOWARD T. REBEN**<br>REBEN, BENJAMIN, & MARCH<br>97 INDIA STREET<br>P.O. BOX 7060<br>PORTLAND, ME 04112<br>874-4771<br>Email: hreben@rbmlawoffice.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

V.

**Defendant**

| | | |
|---|---|---|
| **GENUINE PARTS CO./NAPA** | represented by | **JAMES C. HUNT**<br>ROBINSON, KRIGER, AND MCCALLUM<br>12 PORTLAND PIER<br>P. O. BOX 568<br>PORTLAND, ME 04112-0568<br>772-6565<br>Email: jhunt@rkmlegal.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **MARTY N. MARTENSON**<br>THE MARTENSON LAW FIRM LLP<br>100 GALLERIA PARKWAY, N.W.<br>SUITE 1500<br>ATLANTA, GA 30339<br>770/818-4300<br>*LEAD ATTORNEY* |

ATTORNEY TO BE NOTICED

**ROBERT K. HADERLEIN**
2600 PEACHTREE HARRIS TOWER
233 PEACHTREE STREET, NE
ATLANTA, GA 30303-1530
404/521-3800
*TERMINATED: 01/26/2000*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/04/1999 | 1 | COMPLAINT filed; FILING FEE $ 150 RECEIPT # 39186; jury demand (Service of Process Deadline 12/2/99 ) (ckb) (Entered: 08/04/1999) |
| 09/09/1999 | 2 | ORDER OF RECUSAL ( signed by JUDGE GENE CARTER ) cc: cnsl (ckb) (Entered: 09/09/1999) |
| 09/09/1999 | | CASE reassigned to JUDGE D. B. HORNBY (ckb) (Entered: 09/09/1999) |
| 09/14/1999 | | WAIVER of Service of Summons Returned Executed as to GENUINE PARTS CO/NAP ; Waiver mailed 8/4/99 Answer due on 10/4/99 for GENUINE PARTS CO/NAP (ckb) (Entered: 09/14/1999) |
| 10/01/1999 | 3 | ANSWER to Complaint by GENUINE PARTS CO/NAP (Attorney JAMES C. HUNT), (mmc) (Entered: 10/04/1999) |
| 10/01/1999 | | Pro Hac Vice Certificate for GENUINE PARTS CO/NAP by MARTY N. MARTENSON (mmc) (Entered: 10/04/1999) |
| 10/01/1999 | | Pro Hac Vice Certificate for GENUINE PARTS CO/NAP by ROBERT K. HADERLEIN (mmc) (Entered: 10/14/1999) |
| 10/04/1999 | | Deadline updated; set Corporate Disclosure Statement Deadline for 10/12/99 for GENUINE PARTS CO/NAP (mmc) (Entered: 10/04/1999) |
| 10/05/1999 | 4 | SCHEDULING ORDER setting Discovery cutoff 1/24/00 ; Deadline for filing of all motions 1/31/00 ; Ready for Trial Date 4/1/00 ( signed by MAG. JUDGE DAVID M. COHEN ) cc: cnsl. CONSENT FORM mailed to pltf cnsl. (slh) (Entered: 10/05/1999) |
| 10/12/1999 | | CORPORATE DISCLOSURE STATEMENT per Local Rule 83.7 by GENUINE PARTS CO/NAP (mmc) (Entered: 10/12/1999) |
| 11/26/1999 | 5 | MOTION with memorandum in support by GENUINE PARTS CO/NAP for Summary Judgment on all claims for pltf's failure to sue timely after receiving right to sue notice from EEOC ; Response to Motion due 12/13/99 for DONNA L MOREHEAD (dw) (Entered: 11/26/1999) |
| 11/26/1999 | 6 | STATEMENT of Material Fact by GENUINE PARTS CO/NAP re #5 (dw) (Entered: 11/26/1999) |
| 12/01/1999 | 7 | JOINT MOTION with memorandum in support by DONNA L MOREHEAD, GENUINE PARTS CO/NAP to Stay All Proceedings and Discovery (ckb) (Entered: 12/01/1999) |

| | | |
|---|---|---|
| 12/01/1999 | | Motion(s) referred: [7-1] joint motion to Stay All Proceedings and Discovery referred to MAG. JUDGE DAVID M. COHEN (ckb) (Entered: 12/01/1999) |
| 12/02/1999 | | ENDORSEMENT on Motion granting [7-1] joint motion to Stay All Proceedings and Discovery (pending ruling on motion for summary judgment) ( signed by MAG. JUDGE DAVID M. COHEN ) cc: cnsl (dw) (Entered: 12/02/1999) |
| 12/06/1999 | 8 | RESPONSE by DONNA L MOREHEAD to [5-1] motion for Summary Judgment on all claims for pltf's failure to sue timely after receiving right to sue notice from EEOC ; Reply to Response due 12/16/99 for GENUINE PARTS CO/NAP (ckb) (Entered: 12/07/1999) |
| 12/06/1999 | 9 | AFFIDAVIT of Donna L. Morehead (ckb) (Entered: 12/07/1999) |
| 12/06/1999 | 10 | AFFIDAVIT of Charles W. March (ckb) (Entered: 12/07/1999) |
| 12/06/1999 | 11 | RESPONSE TO STATEMENT of Material Fact by DONNA L MOREHEAD re: [6-1] fact statement (ckb) (Entered: 12/07/1999) |
| 12/13/1999 | 12 | REPLY by GENUINE PARTS CO/NAP to response to [5-1] motion for Summary Judgment on all claims for pltf's failure to sue timely after receiving right to sue notice from EEOC (mmc) (Entered: 12/14/1999) |
| 12/14/1999 | | Motion(s) referred: [5-1] motion for Summary Judgment on all claims for pltf's failure to sue timely after receiving right to sue notice from EEOC referred to MAG. JUDGE DAVID M. COHEN (mmc) (Entered: 12/14/1999) |
| 12/21/1999 | 13 | RECOMMENDED DECISION of MAG. JUDGE DAVID M. COHEN; Recommending that the Motion for Summary Judgment be GRANTED; Re: [5-1] motion for Summary Judgment on all claims for pltf's failure to sue timely after receiving right to sue notice from EEOC ; Motion no longer referred Objections to R and R due by 1/10/00 for GENUINE PARTS CO/NAP, for DONNA L MOREHEAD ; cc:cnsl (mmc) (Entered: 12/22/1999) |
| 01/10/2000 | 14 | OBJECTION by DONNA L MOREHEAD to [13-1] motion RECOMMENDED DECISION of MAG. JUDGE DAVID M. COHEN; Recommending that the Motion for Summary Judgment be GRANTED; Re: [5-1] motion for Summary Judgment on all claims for pltf's failure to sue timely after receiving right to sue notice from EEOC ; Response to Objections to RR due 1/28/00 for GENUINE PARTS CO/NAP ; (mmc) (Entered: 01/12/2000) |
| 01/12/2000 | | Deadline updated; miscellaneous Remember to lift stay if #5, motion for summary judgment, has been denied on 1/31/00 (mmc) (Entered: 01/12/2000) |
| 01/19/2000 | 15 | MOTION with memorandum in support by GENUINE PARTS CO/NAP for Robert K. Haderlein to Withdraw as Attorney (mmc) (Entered: 01/26/2000) |
| 01/26/2000 | | ENDORSEMENT on Motion granting [15-1] motion for Robert K. Haderlein to Withdraw as Attorney (Terminated attorney ROBERT K. HADERLEIN for GENUINE PARTS CO/NAP ) ( signed by Deputy Clerk M. Cross for JUDGE D. B. HORNBY ) cc: cnsl (mmc) (Entered: 01/26/2000) |

| | | |
|---|---|---|
| 01/27/2000 | 16 | RESPONSE by GENUINE PARTS CO/NAP to Objections to [13-1] motion RECOMMENDED DECISION of MAG. JUDGE DAVID M. COHEN; Recommending that the Motion for Summary Judgment be GRANTED; Re: [5-1] motion for Summary Judgment on all claims for pltf's failure to sue timely after receiving right to sue notice from EEOC (mmc) (Entered: 01/27/2000) |
| 01/27/2000 | | Motion(s) taken under advisement: [13-1] motion RECOMMENDED DECISION of MAG. JUDGE DAVID M. COHEN; Recommending that the Motion for Summary Judgment be GRANTED; Re: [5-1] motion for Summary Judgment on all claims for pltf's failure to sue timely after receiving right to sue notice from EEOC under advisement, [5-1] motion for Summary Judgment on all claims for pltf's failure to sue timely after receiving right to sue notice from EEOC under advisement (mmc) (Entered: 01/27/2000) |
| 01/31/2000 | 17 | ORDER Affirming Recommended Decision of Magistrate granting [13-1] motion RECOMMENDED DECISION of MAG. JUDGE DAVID M. COHEN; Recommending that the Motion for Summary Judgment be GRANTED; Re: [5-1] motion for Summary Judgment on all claims for pltf's failure to sue timely after receiving right to sue notice from EEOC, granting [5-1] motion for Summary Judgment on all claims for pltf's failure to sue timely after receiving right to sue notice from EEOC ( signed by JUDGE D. B. HORNBY ) cc: cnsl (dw) (Entered: 01/31/2000) |
| 01/31/2000 | 18 | JUDGMENT for GENUINE PARTS CO/NAP against DONNA L MOREHEAD signed by William S. Brownell, Clerk. cc: cnsl ( EOD: 01/31/2000 ) (dw) (Entered: 01/31/2000) |
| 01/31/2000 | | Case closed; Purge Appeal deadline set for 3/1/00 (dw) (Entered: 01/31/2000) |
| 03/31/2000 | 19 | MOTION with memorandum in support by GENUINE PARTS CO/NAP for Attorney Fees ; Response to Motion due 4/18/00 for DONNA L MOREHEAD (mjl) (Entered: 04/03/2000) |
| 04/18/2000 | | APPEARANCE of attorney for DONNA L MOREHEAD by HOWARD T. REBEN (mjl) (Entered: 04/19/2000) |
| 04/18/2000 | 20 | RESPONSE by DONNA L MOREHEAD to [19-1] motion for Attorney Fees ; Reply to Response due 4/28/00 for GENUINE PARTS CO/NAP (mjl) (Entered: 04/19/2000) |
| 04/28/2000 | 21 | REPLY by GENUINE PARTS CO/NAP to response to [19-1] motion for Attorney Fees (mjl) (Entered: 04/28/2000) |
| 04/28/2000 | | Motion(s) referred: [19-1] motion for Attorney Fees referred to JUDGE D. B. HORNBY (mjl) (Entered: 04/28/2000) |
| 05/01/2000 | | ENDORSEMENT on Motion denying [19-1] motion for Attorney Fees "Denied. The claim was frivolous,unreasonable or without foundation." ( signed by JUDGE D. B. HORNBY ) cc: cnsl (mjl) (Entered: 05/02/2000) |
| 05/03/2000 | 22 | MOTION by DONNA L MOREHEAD for Oral Argument re: [22-1] motion ; Response to Motion due 5/22/00 for GENUINE PARTS CO/NAP (mjl) (Entered: 05/04/2000) |

| 05/04/2000 | 23 | WITHDRAWAL of [22-1] motion for Oral Argument re: [22-1] motion (mjl) (Entered: 05/04/2000) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 04/20/2006 16:53:56 | | | |
| PACER Login: | ss0104 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 2:99-cv-00250-DBH |
| Billable Pages: | 3 | Cost: | 0.24 |