UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANITA CRANE | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
|   v. | ) C. A. NO. 05-2052 RMU |
| | ) |
| NATIONAL CABLE SATELLITE | ) |
| CORPORATION | ) |
| | ) |
|       Defendant. | ) |
| | ) |

**PLAINTIFF ANITA CRANE'S CROSS-MOTION FOR SUMMARY JUDGMENT ON AFFIRMATIVE DEFENSE OF TIMELINESS, MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF, AND OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

      Defendant National Cable Satellite Corp. ("C-SPAN") requests this court to dismiss plaintiff's claims, but fails to advise the court in the Motion for Summary Judgment or in Defendant's Statement of Material Facts Not in Dispute that the U.S. Equal Employment Opportunity Commission ("EEOC") issued a **second** Notice of Right to Sue on or about June 20, 2005. In the **second** Notice of Right to Sue, which C-SPAN filed with the Court and does discuss in its Memorandum, the EEOC represents to Crane that she has an unqualified right to file suit "WITHIN 90 DAYS" of her receipt of this notice. Defendant's Exhibit 7.

      C-SPAN asks this court to nullify the **second** Notice of Right to Sue and to deny Crane her statutory rights to work in an environment free of unlawful discrimination. C-SPAN argues that this court should ignore the clear language in the ***second,*** June 20, 2005 Notice that "Your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice; or your right to sue based on this charge will be lost." Defendant's Exhibit 7 (emphasis in original). C-SPAN's argument is unprecedented

1

and, as we show below, is not supported by any of the cases on which defendant seeks to rely. There is no legal precedent for dismissing a case based on the issuance of a *second* Notice of Right to Sue letter, where the second letter extending the time for filing suit was issued within 90 days of plaintiff's awareness of the existence of the *first* Notice of Right to Sue letter and does not seek to revive a stale claim. There is no legal precedent for C-SPAN's argument that Crane's claim is time barred, as the cases cited by C-SPAN do not support its position.

Crane reasonably relied on the EEOC's representations that she could file suit within 90 days of her receipt of the second Notice and she should not be penalized for relying in good faith on the EEOC's representations regarding her rights.

## PLAINTIFF'S STATEMENT OF MATERIAL FACTS
## AND MATERIAL FACTS OMITTED BY DEFENDANT

Crane requested the EEOC to review the findings made by the D.C. Office of Human Rights ("OHR"), as she was entitled to do. Defendant's Exhibits 4, 5. After the EEOC completed its review the agency and sent its decision to an address in Alexandria, Virginia that appears to have been provided by C-SPAN to the agency. Defendant's Exhibits 5, 6. Crane never gave the Alexandria address to OHR or to EEOC as the Complaint questionnaire completed by Crane on November 17, 2003 shows Crane's correct address in Lorton, VA. Defendant's Exhibits 1, 2, 6.

In May, 2005, Crane's counsel called counsel for C-SPAN who faxed him a copy of the January, 2005 right to sue letter. Defendant's Exhibit 5 and Plaintiff's Exhibit C. When Crane's counsel brought the error to the attention of EEOC, the agency issued a second Notice of Right to Sue. Defendant's Exhibit 7 and Plaintiff's Exhibit C.

The *second,* June 20, 2005 Notice received by Crane's attorney on August 8, 2005 states that

"Your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice; or your right to sue based on this charge will be lost." Defendant's Exhibit 7 (emphasis in original). Crane brought suit within 90 days of her receipt of that notice that was faxed to her on August 8, 2005.[1] Defendant's Exhibit 7, Plaintiff's Exhibit C, Complaint.

## ARGUMENT

C-SPAN asserts that Crane's suit is untimely. Since this is an affirmative defense, defendant "bears the burden of pleading and proving it." *See Bowden v. United States*, 106 F.3d 433, 437 (D.C. Cir. 1997) (citation omitted) (timeliness). Since C-SPAN fails to meet this burden of proof, the court should deny defendant's motion and grant plaintiff's cross-motion for summary judgment on the affirmative defense.

Crane did not ask the EEOC to revive a stale right that had expired, but to memorialize its error in sending the first Notice to the wrong address and to extend the limitations period. The EEOC has the right to extend the limitations period for filing suit, provided the EEOC does so ***prior*** to the date on which Crane's claims become time barred. Legislatures often extend statutes of limitations and there is no legal principle that would prevent the EEOC from doing so here.

Further, deference to the EEOC's interpretation of the statute and its judgment that the issuance of a second Notice of Right to Sue is appropriate under *Chevron* principles.

Finally, there is no basis on this record for denying Crane her day in court because of her reasonable reliance on the EEOC's issuance of the second Notice of Right to Sue.

---

[1] The EEOC mailed the second Notice of Right to Sue to plaintiff's counsel, but the post office returned this notice to the EEOC, apparently because the agency did not include a suite number in the address. Plaintiff's Exhibit A.

## I. District of Columbia Circuit Cases

None of the D.C. Circuit cases cited by C-SPAN address the precise issue raised here because none of these cases did the EEOC [or the Department of Justice] issue a second Notice of Right to Sue that was timely and consistent with the applicable regulations. The decision in *Josiah-Faeduwor v. Communications Satellite Corp.*, 785 F.2d 344, (D.C. Cir. 1986) simply stands for the uncontested proposition that notice to counsel may be imputed to the private sector client where the client fails to provide the EEOC with her current address. Here, the EEOC sent the first Notice to an address that was different from the address provided by Crane, an address that appears to have been provided by C-SPAN and not to her counsel. Defendant's Exhibits 1, 2, Plaintiff's Exhibit C.

C-SPAN also cites *Dougherty v. Barry*, 869 F.2d 605, 610-611, 613 (D.C. Cir. 1989), to support its attack on the validity of the second notice. However, in that case, our Court of Appeals held that the Department of Justice could not issue a second valid Notice of Right to Sue in violation of explicit regulations requiring that a second right to sue must be issued within ninety days. The Court of Appeals reasoned that if the EEOC could not revive a private right of action, then the Department of Justice could not do so either

In *Christmas v. Spellings*, 404 F. Supp.2d 239, 240 (D.D.C 2005), the district court ruled that where the EEOC sent the final decision and notice by certified mail to the address plaintiff had provided and plaintiff did not retrieve her certified mail, the attempted delivery of certified mail is constructive receipt of the notice that started the running of the 90-day period. This decision is plainly not relevant here.

There is no precedent in the law of this circuit that supports denying Crane her day in court.

## II. Cases From Other Circuits

C-SPAN relies heavily on *Lo v. Pan American World Airways*, 787 F.2d 827, 828 (2d Cir. 1986 where the EEOC issued a second right to sue notice, apparently without any explanation. In that case, the employee conceded that she received the first Notice of Right to Sue and took no action within 90 days of receipt of the first Notice. The *Lo* court ruled that the EEOC lacked the authority to issue a second Notice of Right to Sue to revive a stale claim by giving again the same notice that plaintiff admitted she received where that first notice already expired.[2]

C-SPAN's reliance on an unpublished magistrate's decision *Morehead v. Genuine Parts Co./NAPA*, 1999 WL 33117122 (D. Me. December 12, 1999) is also misplaced. The plaintiff in *Morehead* requested the EEOC to issue a **second** Notice of Right to Sue, but the EEOC refused to do so. *Id* at *2. Unlike the circumstances present here, there is no issue of reasonable reliance on the **second** Notice of Right to Sue.

Similarly, *Billings v. Wichita State University*, 557 F. Supp. 1348, 1352 (D. Kan. 1983) is also inapposite because the issue in that case is whether a second Notice of Right to Sue can revive a right that already expired. Since in *Billings*, the second right to sue notice was issued **more** than 90 days after plaintiff received the first notice, plaintiff's claims were time barred when the second notice was issue. Thus, *Billings* does not address whether the EEOC may properly issue a second Notice of Right to Sue within ninety days of the employee's receipt of the first right to sue notice

---

[2] Although the District Court cited *Lo* with approval in *Price v. Greenspan*, 374 F. Supp.2d 177 (D.D.C. 2006), the facts presented in *Price* have little to do with this case. In *Price,* the plaintiff filed suit against a federal agency ten months after receiving his first and only Notice of Right to Sue letter telling him he had to file suit within 90 days. *Id*. at 185-186.

5

before plaintiff's claim had become stale.[3]

The holding in *Santini v. Cleveland Clinic Florida*, 232 F.3d 823, 824 (11th Cir. 2000), does not assist C-SPAN either because in that case plaintiff received the first Notice of Right to Sue but sought to ignore the first Notice simply because it was undated. The court ruled there was no basis for doing so because of a mere technicality did not render the Notice invalid. Here, the EEOC issued the second Notice because the agency sent the first notice to an address that everyone agrees is inaccurate. *See* Defendant's Exhibits 1 and 2 (listing Crane's address in Lorton, Virginia).

## II. Equitable Tolling, Estoppel or Waiver

Even if the EEOC does not have an absolute right to extend [but not revive] a right to file suit by issuing a second Notice of Right to Sue that gives Crane 90 days from receipt of the ***second*** Notice to file suit, that deadline is subject to equitable tolling, estoppel or waiver, where Crane reasonably relied on the ***second*** Notice. *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393 (1982); *Johnson v. Runyon*, 47 F.3d 911, 919-920 (7th Cir.1995) (concluding that a poster reflecting an inaccurate deadline of 30-days is not reasonably geared to notify a temporary employee of the limitations period).

Equitable tolling applies when affirmative steps taken by the EEOC mislead plaintiff into not acting with sufficient promptness to otherwise protect her rights. *Harvey v. New Bern Police Dep't*, 813 F.2d 652, 654 (4th Cir. 1987). Equitable tolling may be appropriate where plaintiff has been "lulled into inaction by . . . Federal agencies." *Gray v. Philips Petroleum Co.*, 858 F.2d 610, 616 (10th

---

[3] The *Billings* court cited *Lewis v. Conners Steel Co.*, 673 F.2d 1240, 1242 (11th Cir. 1982) without mentioning that the Eleventh Circuit reversed the order of dismissal in order to allow the employee to demonstrate that he had notified EEOC of his correct current address. The holding in *Lewis* suggests that an agency error should not be allowed to prejudice an employee's statutory rights.

Cir. 1988), citing *Martinez v. Orr*, 738 F.2d 1107, 1110 (10th Cir. 1984) (plaintiff is entitled to equitably toll the limitations period because the EEOC's Notice of Right to File a Civil Action misled plaintiff into a late filing); *Wagher v. Guy's Foods*, 765 F. Supp. 667, 670 (D. Kan. 1991)

C-SPAN asserts no prejudice. There can, of course, be no possible prejudice to defendants because C-SPAN was aware in May, 2005 that Crane had not received the January Notice and was aware in June that the EEOC had issued a second Notice of Right to Sue, representing that Crane had 90 days within which to file suit.

WHEREFORE, plaintiff respectfully requests the Court deny defendant's Motion for Summary Judgment and grant her Motion for Partial Summary Judgment on C-SPAN's affirmative defense. A draft Order is attached.

Respectfully submitted,

John F. Karl, Jr. 292458
Karl & Tarone
900 17th Street, N.W.
Suite 1250
Washington, D.C. 20006
(202) 293-3200
Counsel for Plaintiff