UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ANITA CRANE** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) C. A. NO. 05-2052 RMU |
| | ) |
| **NATIONAL CABLE SATELLITE** | ) |
| **CORPORATION** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

**PLAINTIFF ANITA CRANE'S STATEMENT OF MATERIAL FACTS IN DISPUTE AND MATERIAL FACTS OMITTED BY DEFENDANT**

1   Plaintiff agrees with this statement.

2   Plaintiff agrees with this statement.

3   Plaintiff agrees with this statement, but denies that the finding of no probable cause is material because, as Defendant's Exhibit 4 confirms, Crane had a right to seek a determination from the EEOC.

4   Plaintiff agrees with this statement that plaintiff did not immediately receive a copy of the January 24, 2005 Notice of Right to Sue.

5   Plaintiff agrees with this statement because the first notice she received of the issuance of the Notice of Right to Sue came from Mr. Collins. Crane notes that the EEOC had sent the notice to an address that was *neve*r provided by plaintiff to the District of Columbia Office of Human Rights or the EEOC and could only have originated with defendant.

6    Plaintiff agrees with this statement.

7    Plaintiff agrees with this statement.

8    Plaintiff agrees with this statement, but advises the court that the EEOC issued a second Notice of Right to Sue that extended the period for filing suit.

9    Plaintiff agrees with this statement, but denies that May 31, 2005 date is material.

10    Plaintiff agrees with this statement that she filed her lawsuit on September 21, 2005, but denies that the date on which she received the first Notice of Right to Sue was material because the EEOC issued a *second* Notice of Right to Sue that replaced the first Notice of Right to Sue and extended the period for her to file suit. Defendant's. Exhibit 7.

## MATERIAL FACTS OMITTED BY DEFENDANT

11    On or about June 20, 2005, the EEOC issued a *second* Notice of Right to Sue. Defendant's Exhibit 7.

12    The EEOC issued a *second* Notice of Right to Sue within 90 days of the receipt of the First Notice of Right to Sue and prior to the time Crane's rights became time barred. *See* Defendant's Exhibits. 6, 7, 8.

13    Plaintiff did not receive the *second* Notice of Right to Sue until August 8, 2005, when David Gonzalez, State & Local Coordinator with the Washington, D.C. Field Office of the U.S Equal Employment Opportunity Commission faxed the June 25, 2005 notice to Attorney Karl. See Exhibit C, Karl Declaration.

12    The second Right to Sue Notice specifically admits that it was issued because the "Original was mailed to wrong address." Defendant's Exhibit 7.

13  The second Right to Sue Notice issued on or about June 20, 2005, represents that Crane has an unqualified right to file suit "WITHIN 90 DAYS" of her receipt of this notice. Defendant's Exhibit 8.

14  Although the EEOC mailed the *second* Right to Sue Notice to the office of Crane's counsel on June 25, 2005, the *second* Right to Sue Notice was returned by the post office. See Exhibit C, Karl Declaration, and Exhibit B, the envelope in which the July, 2005 second Notice was apparently mailed.

15  Crane filed suit on September 21, 2005, within ninety days of her receipt of the second Right to Sue Notice on August 8, 2005. Defendant's Exhibit 8 and Complaint at 1.

Respectfully submitted,

_____
John F. Karl, Jr. 292458
Karl & Tarone
900 17th Street, N.W.
Suite 1250
Washington, D.C. 20006
(202) 293-3200
Counsel for Plaintiff