IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANITA CRANE )<br>)<br>    Plaintiff )<br>)<br>v. )<br>)<br>NATIONAL CABLE SATELLITE )<br>CORPORATION )<br>)<br>    Defendant. )<br>_____) | Civil Action No. 1:05-cv-02052-RMU |

**DEFENDANT'S REPLY IN SUPPORT OF ITS "MOTION FOR SUMMARY
JUDGMENT – PLAINTIFF'S CLAIMS ARE UNTIMELY" AND
<u>OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT</u>**

Plaintiff's counsel admits that he actually received the January 24, 2005 Right to Sue Notice on May 23, 2005. Plaintiff admits that she actually received a copy of the January 24, 2005 Right to Sue Notice in "late, May 2005." It is equally undisputed that, despite receipt of the Notice in May 2005, Plaintiff waited until September 21, 2005 to file her Complaint. Accordingly, Plaintiff's claims are irrefutably untimely as a matter of fact and law and should be dismissed.

The arguments Plaintiff attempts to make to the contrary are simply conclusory statements without benefit of a single legal citation. Indeed, Plaintiff's arguments are in fact directly contradicted by the applicable case law. At base, the untimeliness of Plaintiff's claims is a result of her and her counsel's failure to bring her lawsuit within 90 days of May 23 (or 31), 2005 – not the actions of the EEOC or Defendant. Tellingly, in her Opposition, Plaintiff does not even attempt to explain why, following undisputed receipt of the Notice of Right to Sue in May 2005, she and her counsel did not bother to immediately file her lawsuit—if for no other

reason than to preserve the timeliness of any such claims. Plaintiff's Complaint is untimely and should be dismissed.

I.    **Plaintiff Was Required To File Her Lawsuit Within 90 Days of May 23 (or 31), 2005 Upon Receiving The January 24, 2005 Right To Sue Notice; No Case Law Supports Plaintiff's Contention To The Contrary**

Plaintiff argues that "[t]he EEOC has the right to extend the limitations period for filing suit." Opp. at 3. Not surprisingly, Plaintiff does not cite a single case in support of this contention. Plaintiff further argues that, as a matter of law, when her attorney requested a "second" right to sue notice and the EEOC subsequently reissued the January 24, 2005 Notice, this somehow provided her with a fresh 90 day period in which to bring suit. Again, Plaintiff does not cite a single case in support of this contention. Indeed, the cases cited by Defendant in its Motion (*Lo*, *Morehead*, *Billings*, and *Santini*) directly contradict such an argument.

Plaintiff attempts to distinguish the *Lo*, *Morehead*, *Billings*, and *Santini* decisions on the ground that she requested a second right to sue notice within 90 days of actually receiving the January 24, 2005 Right to Sue Notice. Her attempt to distinguish these cases is inapposite. The clear point of these cases is that the 90 day period for filing suit runs from the actual receipt of the EEOC's Right to Sue Notice, whether received from opposing counsel or some other source and regardless of whether a second notice is issued. The fact that Plaintiff's attorney requested a second right to sue notice in this case does not distinguish it from the cases cited above. Indeed, for example, in *Santini v. Cleveland Clinic Florida*, 232 F.3d 823, 824 (11th Cir. 2000), the Title VII plaintiff received a first right to sue notice from the EEOC. The plaintiff's attorney informed the EEOC that the notice was undated, and the EEOC issued a second notice within just 28 days after plaintiff had received the first notice (and, thus, well within the 90 day period after plaintiff received the first notice). The plaintiff then filed her lawsuit within 90 days of the second notice,

2

but more than 90 days after receiving the first notice. The trial court dismissed the plaintiff's claim as untimely, and the Eleventh Circuit affirmed. *Id.* at 824-25.[1]

Here, Plaintiff admits that she actually received the January 24, 2005 Right to Sue Notice in "late May, 2005," does not contest the fact that the Notice specifically told her that she had 90 days from <u>receipt</u> of that January 24, 2005 Right to Sue Notice to file suit or her right to sue "will be lost," and does not contest that she could have filed suit immediately or within 90 days of receiving the Notice. Rather, through her attorney, she attempts to "excuse" her untimely lawsuit by asserting that her attorney contacted the EEOC after receiving the Notice, that the EEOC told her attorney that it "would *likely* issue a second Notice of Right to Sue" (Opp. Exh. C, Aff. of J. Karl ¶ 6) (emphasis added), and that the EEOC issued a "second" notice[2] on June 20, 2005 which she received on August 8, 2005.

Importantly, what Plaintiff fails to explain is why she did not file her lawsuit immediately upon receiving the January 24, 2005 Right to Sue Notice in May 2005, why she did not file suit prior to June 20, 2005 before the EEOC reissued the January 24, 2005 Right to Sue Notice, why she did not file suit on August 8, 2005 when she received the reissued notice, or why she did not or could not file suit by August 21, 2005 (the 90th day after her attorney actually received the January 24, 2005 Right to Sue Notice). The fact of the matter is that she could have filed suit at any of those times, but, perhaps due to carelessness, did not do so. Regardless, her unilateral

---

[1] Plaintiff's arguments and attempts to distinguish these cases, including *Santini*, are not only incorrect, but also misleading. In the opening of her brief, Plaintiff asserts: "[t]here is no legal precedent for dismissing a case based on the issuance of a second Notice of Right to Sue letter, where the second letter extending the time for filing suit was issued within 90 days of plaintiff's awareness of the existence of the first Notice of Right to Sue and does not seek to revive a stale claim." Opp. at 2. Quite to the contrary, this was exactly the scenario in *Santini*.

[2] Plaintiff would have this Court believe that the EEOC issued a "second" right to sue notice. However, as the "second" notice specifically states, it is simply a "reissue" of the January 24, 2005 Notice. *See* Exh. 7 to Def.'s Motion.

3

attempt to extend the limitations period by seeking a second right to sue notice must be rejected just as in the cases cited in Defendant's Motion, and judgment should be entered for Defendant.

**II.    Neither Equitable Tolling Nor Equitable Estoppel Applies In This Case**

"Equitable tolling permits a plaintiff to avoid the bar of the limitations period if despite all due diligence she is unable to obtain vital information bearing on the existence of her claim." *Smith-Haynie v. District Of Columbia*, 155 F.3d 575, 579 (D.C. Cir. 1998). "The burden of proof for equitable tolling is high and is used only in extraordinary circumstances. Where no such circumstances are found, the court cannot extend the statutory period 'even by one day.'" *Amiri v. Stoladi Property Group*, 407 F. Supp. 2d 119, 124 (D.D.C. 2005) (citing *Smith-Haynie*, 155 F.3d at 579 and *Anderson v. Local 201 Reinforcing Rodmen*, 886 F. Supp. 94, 97 (D.D.C.1995)). "<u>As a matter of law, receipt of a second EEOC Notice does not constitute grounds for equitable tolling where a party has actual knowledge of the first Notice</u>." *Santini,* 232 F.3d at 825 (emphasis added).

Here, Plaintiff does not even remotely meet her high burden. The undisputed facts show that Plaintiff actually received the January 24, 2005 Right to Sue Notice in May 2005 and that the Notice specifically informed her that she had 90 days from "receipt of this Notice" to file suit "or your right to sue based on this charge will be lost." Exh. 5 to Motion; Pl. Aff. ¶¶ 1, 5 (attached at Exh. 6 to Motion). She had all the necessary information needed to know of the existence and time for bring suit, but failed to do so in a timely manner.

"Equitable estoppel in the statute of limitations context 'comes into play if the defendant takes active steps to prevent the plaintiff from suing in time, as by promising not to plead the statute of limitations.'" *Smith-Haynie*, 155 F.3d at 580 (refusing to apply equitable estoppel,

4

noting that "nowhere does [plaintiff] claim that anything the defendants did or said misled her as to the effect of the 90-day limitation period on her right to seek judicial relief.").

Here, Plaintiff never asserts, nor can she, that Defendant did anything to prevent her from suing in a timely manner. Moreover, even extending the equitable estoppel doctrine to actions by the EEOC, Plaintiff makes no showing that the EEOC somehow prevented her from filing suit within 90 days of when she actually received the January 24, 2005 Right to Sue Notice, nor could she. Plaintiff only states in conclusory fashion that equitable estoppel (or equitable tolling)[3] applies "where [Plaintiff] reasonably relied on the second Notice" and where the EEOC "mislead plaintiff into not acting . . . ."[4] Opp. at 6. Quite curiously, Plaintiff never takes the next step of specifically asserting that she withheld or was prevented from filing suit *because of* the reissued January 24, 2005 Right to Sue Notice. Rather, Plaintiff leaves it to the Court to discern from her generic statements that this is what she is saying. Plaintiff's half-hearted argument on this point must be rejected.

First, Plaintiff presents absolutely no evidence that she relied on the "second" notice to her detriment. Second, and importantly, such an assertion would be directly contradicted by the undisputed evidence when looked at chronologically. Plaintiff and her counsel actually received the January 24, 2005 Right to Sue Notice on May 23, 2005 and "late May, 2005," respectively. The "second" right to sue notice was issued on June 20, 2005, only after being requested by her attorney, and was not received by Plaintiff until August 8, 2005. Thus, she cannot in good faith

---

[3] Plaintiff's Opposition is not a model of clarity as to the equitable doctrine (tolling or estoppel) she purports to advance.

[4] It defies all logic for Plaintiff's counsel, a very experienced employment law practitioner, to somehow assert that he was lulled or duped into inaction by an EEOC investigator. As a matter of fact, it is patently disingenuous for Plaintiff's counsel to imply that he relied upon an EEOC investigator to inform and/or instruct him whether and under what circumstances his clients' claims would be considered timely filed.

5

assert that she did not file suit between May 23, 2005 and June 20, 2005 or between May 23, 2005 and August 8, 2005, based on a "second" right to sue notice that had not yet been issued and/or received.[5] And, for that matter, nothing prevented her from filing suit before August 21, 2005.

The simple fact of the matter is that Plaintiff could have filed suit within 90 days of actually receiving the January 24, 2005 Right to Sue Notice. While represented by her attorney, she chose not do so. The blame for her untimely lawsuit cannot be placed upon the shoulders of the EEOC or Defendant, but must rest with Plaintiff and her unexplained and unexcused failure to diligently bring her lawsuit.

### III. Plaintiff's Unidentified "Cross-Motion For Summary Judgment" Must Be Denied

Plaintiff purports to bring a "cross-motion" on defendant's affirmative defense of untimeliness. However, Plaintiff has presented neither facts nor case law that support her conclusory assertion that her claims are timely.[6] Rather, Plaintiff's "cross-motion" seems less a motion for summary judgment and more an attempt to avoid depositions and discovery of her and her attorney on this issue in the event the Court were to deny Defendant's Motion. Further, Federal Rule of Civil Procedure 56(a) provides that a "claimant" "seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may . . . move . . . for a summary judgment in the party's favor upon all or any part thereof." Here, Plaintiff does not seek summary judgment on her substantive claims. Accordingly, her purported "cross-motion

---

[5] Indeed, in his Affidavit, Plaintiff's counsel is able to assert only that the EEOC told him it was likely that they would re-issue the January 24, 2005 Notice.

[6] Plaintiff has not filed a statement of material facts not in dispute to support of her "cross-motion" as required by Local Rule 7(h). Plaintiff has presented a statement of "Material Facts Omitted By Defendant." Out of an abundance of caution, Defendant will file a separate response to this statement.

6

DC1 30165700.2

for summary judgment" should be denied for this and all of the reasons in Defendant's Motion and the foregoing brief.

                                      Respectfully submitted,

                                      NATIONAL CABLE SATELLITE
                                      CORPORATION

                                      By:  /s/ Raymond C. Baldwin
                                          Raymond C. Baldwin, Esq., # 461514
                                          David M. Burns, Esq. # 466167

                                      SEYFARTH SHAW LLP
                                      815 Connecticut Avenue, N.W., Suite 500
                                      Washington, DC 20006-4004
                                      (202) 463-2400
                                      (202) 828-5393 (fax)

Dated: May 3, 2006                          Attorneys for Defendant

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ANITA CRANE )<br>)<br>    Plaintiff )<br>)<br>v. )<br>)<br>NATIONAL CABLE SATELLITE )<br>CORPORATION )<br>)<br>    Defendant. )<br>_____) | Civil Action No. 1:05-cv-02052-RMU |

**DEFENDANT'S RESPONSE TO AND STATEMENT OF DISPUTED**
**"MATERIAL FACTS OMITTED BY DEFENDANT"**

Plaintiff has not filed a statement of material facts not in dispute to support her "cross-motion for summary judgment" as required by Local Rule 7(h). Plaintiff has presented a statement of "Material Facts Omitted By Defendant." Out of an abundance of caution, Defendant National Cable Satellite Corporation (hereinafter "NCSC" or "Defendant"), files this Separate Response To And Statement Of Disputed "Material Facts Omitted By Defendant."

    11.    On June 20, 2005, the EEOC reissued its January 24, 2005 Notice of Right to Sue, not a "second" notice. Paragraph 11 does not contain a material fact.

    12.    Paragraph 12 asserts legal argument and does not contain a material fact. On June 20, 2005, the EEOC reissued its January 24, 2005 Notice of Right to Sue, not a "second" notice.

    13.    On June 20, 2005, the EEOC reissued its January 24, 2005 Notice of Right to Sue (the "Reissued Notice"), not a "second" notice. Paragraph 13 does not contain a material fact.

Second 12.[7]  The Reissued Notice speaks for itself and specifically indicates that it is a reissue of the January 24, 2005 Right to Sue Notice, not a second notice.

Second 13.  The Reissued Notice speaks for itself, does not state that Plaintiff has an "unqualified right," and specifically indicates that it is a reissue of the January 24, 2005 Right to Sue Notice, not a second notice.  Paragraph Second 13 asserts legal argument and does not contain a material fact.

14.   The purported envelop containing the Reissued Notice speaks for itself and reflects that it was postmarked on June 20, 2005, not June 25, 2005.  Paragraph 14 does not contain a material fact.

15.   Defendant agrees that Plaintiff's lawsuit was filed on September 21, 2005, which is less than ninety days after August 8, 2005.  Defendant is without sufficient knowledge or information to respond to Plaintiff's assertion that she only received the Reissued Notice on August 8, 2005 and did not receive it earlier.  Paragraph 15 does not contain a material fact.

Respectfully submitted,

NATIONAL CABLE SATELLITE CORPORATION

By:   /s/ Raymond C. Baldwin
   Raymond C. Baldwin, Esq., # 461514
   David M. Burns, Esq. # 466167

   SEYFARTH SHAW LLP
   815 Connecticut Avenue, N.W., Suite 500
   Washington, DC 20006-4004
   (202) 463-2400
   (202) 828-5393 (fax)

Dated: May 3, 2006                              Attorneys for Defendant

---

[7] After paragraph number 13 under the heading of "Material Facts Omitted By Defendant," Plaintiff numbers the following two paragraphs with another number 12 and another number 13.

DC1 30165700.2