IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANITA CRANE )<br>)<br>    Plaintiff )<br>)<br>v. )<br>)<br>NATIONAL CABLE SATELLITE )<br>CORPORATION )<br>)<br>    Defendant. )<br>_____) | Civil Action No. 1:05-cv-02052-RMU |

**DEFENDANT'S MOTION TO STAY DISCOVERY PENDING
RULING ON DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT – PLAINTIFF'S CLAIMS ARE UNTIMELY**

Pursuant to the Court's oral instructions on May 3, 2006, Defendant National Cable Satellite Corporation (hereinafter "NCSC" or "Defendant"), moves the Court to stay discovery in this case pending ruling on Defendant's fully briefed "Motion For Summary Judgment – Plaintiff's Claims Are Untimely." Defendant's Summary Judgment Motion, if granted (which Defendant believes is likely), would dispose of Plaintiff's entire case, making further discovery unnecessary. Further, there are several discovery disputes pending between the parties that will need to be brought to the Court's attention if discovery is not stayed. In further support of this Motion to Stay Discovery, Defendant states:

1.    Plaintiff filed this lawsuit on September 21, 2005 alleging violations of Title VII. Plaintiff alleged in her complaint that, on August 8, 2005, she received a Notice of Right To Sue "dated June 20, 2005." Compl. ¶ 10.

2.    In response to discovery requests, on or about April 5, 2006, Plaintiff produced an affidavit, executed by her, admitting that she had actually received the EEOC Notice of Right to Sue in "late May, 2005" and that her attorney had received it on May 23, 2005.

3. Based on Plaintiff's affidavit admitting that she had received the EEOC Right to Sue Notice in May 2005, and based on the irrefutable fact that she did not file suit until more than 90 days after actual receipt of the Notice, Defendant filed a Motion for Summary Judgment on the ground that Plaintiff's claims are untimely. The Motion for Summary Judgment is now fully briefed. The case law cited in Defendant's motion makes clear that Plaintiff's claims are untimely. Plaintiff's Opposition cites no contrary case law and rests solely on conclusory arguments that her claims are not or should not be treated as untimely. Plaintiff does not and cannot provide the Court with any legal authority that supports her argument that, despite actual receipt of the original notice, a re-issued notice somehow starts the statute of limitations period anew.[1]

4. "It is settled that entry of an order staying discovery pending determination of dispositive motions is an appropriate exercise of the court's discretion: 'A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined.' In accordance with this broad discretion, this [C]ourt (Oberdorfer, J.) has observed that '[i]t is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending.'" *Chavous v. District Of Columbia Financial Responsibility And Management Assistance Authority*, 201 F.R.D. 1, 2 (D.D.C. 2001) (second internal quote citing *Anderson v. United States Attorneys Office*, No. CIV.A. 91-2262, 1992 WL 159186, at *1 (D.D.C. June 19, 1992)) (internal citations omitted).

---

[1] Under Plaintiff's theory, any time a party loses or misplaces an original notice and requests another copy from the EEOC, this would provide her with an additional 90 days to file her lawsuit. Plaintiff's theory, if adopted, would render the 90-day filing period meaningless and will make it a rolling deadline subject to the whims of Plaintiff and her counsel.

5. "A stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.'" *Id.* (citation omitted).

6. If Defendant's Motion for Summary Judgment is granted, it would be dispositive of all of Plaintiff's claims. Further, Defendant believes that there is a strong likelihood of success on its Motion for Summary Judgment.

7. No prejudice would result to either party were discovery to be temporarily stayed pending resolution of Defendant's Motion for Summary Judgment. Discovery is scheduled to close on June 18, 2006. However, no trial date has yet been set. A stay would avoid the unnecessary expenditure of time, resources and money in the event the Court grants Defendant's Motion.

8. Further, a temporary stay of discovery will avoid the necessity of bringing before the Court several discovery disputes that currently exist. These disputes include:

> (a) Plaintiff alleges disability discrimination in this case. Plaintiff has invoked a doctor-patient privilege in her written responses to Defendant's document requests. However, Plaintiff has not produced a privilege log identifying the documents that have been withheld under this privilege, and Plaintiff has rebuffed Defendant's request for such a privilege log.
>
> (b) Defendant notified Plaintiff's counsel of its intention to subpoena certain records from Plaintiff's current employer that are relevant to Plaintiff's claims and Defendant's defense of this case. Plaintiff's counsel objected and indicated that he would "seek assistance from the Court" if the subpoena were issued. Defendant attempted to informally resolve Plaintiff's objections by identifying the specific documents to be obtained, identifying their relevance, and requesting that Plaintiff obtain the documents directly from her employer in lieu of Defendant issuing a subpoena. Plaintiff has refused this proposed solution, and this issue will likely need to be addressed by the Court.
>
> (c) The Court granted Plaintiff two extensions of discovery to respond to Defendant's discovery requests. Despite these two extensions, Plaintiff did not produce responsive documents on the second extension deadline. Rather, through counsel, she indicated in her written responses that she would make documents

available for inspection and copying at her attorney's offices upon reasonable notice.  On the very day that Defendant's counsel received the responses, it contacted Plaintiff's counsel to arrange to review and copy all of Plaintiff's documents as quickly as possible.  More than three weeks after the end of the second extension deadline, and after repeated requests by Defendant to review or obtain copies of Plaintiff's documents, Plaintiff finally produced documents, but, in a cover letter, also indicated: "More documents to follow."  No additional documents have been produced.

9. Thus, a stay of discovery will not only preserve the parties' resources, but also judicial resources.

WHEREFORE, Defendant respectfully requests that the Court stay discovery pending its resolution of Defendant's Motion for Summary Judgment.

    Respectfully submitted,

    NATIONAL CABLE SATELLITE
    CORPORATION


    By:  /s/ Raymond C. Baldwin
        Raymond C. Baldwin, Esq., # 461514
        David M. Burns, Esq. # 466167

        SEYFARTH SHAW LLP
        815 Connecticut Avenue, N.W., Suite 500
        Washington, DC 20006-4004
        (202) 463-2400
        (202) 828-5393 (fax)

Dated: May 4, 2006    Attorneys for Defendant