UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANITA CRANE | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C. A. NO. 05-2052 RMU |
| | ) |
| NATIONAL CABLE SATELLITE | ) |
| CORPORATION | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF ANITA CRANE'S CONSOLIDATED OPPOSITION TO DEFENDANT'S MOTION FOR STAY OF DISCOVERY AND REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT ON AFFIRMATIVE DEFENSE OF TIMELINESS**

Defendant National Cable Satellite Corp. ("C-SPAN") requests this court to ignore the representations in the **second** Notice of Right to Sue issued by the U.S. Equal Employment Opportunity Commission ("EEOC") on or about June 20, 2005. In the **second** Notice of Right to Sue, the EEOC represents to Crane that she has an unqualified right to file suit "WITHIN 90 DAYS" of her receipt of this notice. Defendant's Exhibit 7.

Crane opposed the C-SPAN's Motion for Summary Judgment and filed a Cross-Motion for Summary Judgment on C-SPAN's affirmative defense, arguing that this Court should not nullify the **second** Notice of Right to Sue or ignore the clear language in the *second,* June 20, 2005 Notice. The court should not dismiss this case based on Crane's reliance on the *second* Notice of Right to Sue letter, where the second letter extending the time for filing suit was issued within 90 days of plaintiff's awareness of the existence of the *first* Notice of Right to Sue letter and does not seek to revive a stale or time-barred claim. Crane reasonably relied on the EEOC's representations that she could file suit

1

within 90 days of her receipt of the second Notice and she should not be penalized for relying in good faith on the EEOC's representations regarding her rights.

## I.

Crane does not dispute that the court has the discretion to stay discovery pending the determination of a dispositive motion and that many judges on occasion stay discovery pending resolution of such dispositive motions. We respectfully submit that no stay is appropriate here because C-SPAN's Motion for Summary Judgment lacks merit.[1]

## II.

The facts presented here are different from those found in most of the cases cited by C-SPAN because the original Notice of Right to Sue letter was void or invalid *ab initio*. Title VII requires the EEOC to "notify the person claiming to be aggrieved." 42 U.S.C. §2000e-5(b). Because the EEOC sent the Notice to an incorrect address that was **never** Crane's address at any time after she filed her initial complaint with the D.C. Office of Human Rights, the EEOC breached its statutory duty to "notify" Crane. Nor did EEOC ever "notify" Crane by sending a copy to her attorney, even though the EEOC had his address in its files.[2]

Thus, the decision in *Josiah-Faeduwor v. Communications Satellite Corp.*, 785 F.2d 344, (D.C. Cir. 1986) is inapposite because there is no claim that Crane failed to provide the EEOC with her current address. The holding in *Dougherty v. Barry*, 869 F.2d 605, 610-611, 613 (D.C. Cir.

---

[1] C-SPAN's Motion for a Stay refers to a number of alleged discovery issues, but fails to advise the court that defendant did not produced a single document in its Initial Disclosures.

[2] Since Crane did not provide the Office of Human Rights or the EEOC with the wrong address, it may have been provided by C-SPAN.

1989), does not support C-SPAN's argument because in that case the federal government sought to revive a time-barred complaint. There is no precedent under the law of this circuit that supports denying Crane her day in court.[3]

### III.

C-SPAN relies heavily on cases where the EEOC sought to revive a valid Notice of Right to Sue that had previously expired.[4] The revival of time-barred claims runs counter to the policies underlying statutes of limitations and raises serious constitutional issues, but that is not the case here because the second Notice issued by the EEOC simply extended the time for filing suit on a claim that was not already time barred. *See County of Oneida v. Oneida Indian Nation of New York*, 470 U.S. 226, 242 (1985).

Statutes of limitations are primarily designed to assure fairness to defendants." *Burnett v. N.Y. Cent. R.R. Co.,* 380 U.S. 424, 428 (1965). They "promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared." *Am. Pipe & Constr. Co. v. Utah,* 414 U.S. 538, 554 (1974) (quotation omitted).

The theory under *American Pipe* "is that even if one has a just claim it is unjust not to put the adversary on notice to defend within the period of limitation and that the right to be free of stale claims in time comes to prevail over the right to prosecute them." *Id.* (quotation omitted). But

---

[3] Nor is there any issue about refusal to accept certified mail. See *Christmas v. Spellings*, 404 F. Supp.2d 239, 240 (D.D.C 2005).

[4] *Lo v. Pan American World Airways*, 787 F.2d 827, 828 (2d Cir. 1986) stands for the unexceptional and unchallenged proposition that the EEOC can not issue a second Notice of Right to Sue to revive a stale claim. *Accord Billings v. Wichita State University*, 557 F. Supp. 1348, 1352 (D. Kan. 1983).

"[t]his policy of repose, designed to protect defendants, is frequently outweighed ... where the interests of justice require vindication of the plaintiff's rights." *Burnett,* 380 U.S. at 428. Since there is no issue of unfairness to C-SPAN, the policies underlying statutes of limitations favor allowing Crane's claims to proceed to trial.

## IV.

There are two Court of Appeals' decisions addressing whether the EEOC has the power to reconsider the merits of an earlier determination of no cause and issue a second Notice of Right to Sue. Both of these cases hold the employment discrimination actions filed within 90 days after receipt of such second notice of right to sue, but more than 90 days after the first notice of right to sue, were timely. *Gonzalez v. Firestone Tire & Rubber Co.,* 610 F.2d 241 (5th Cir. 1980); *Trujillo v. General Electric Company*, 621 F.2d 1084 (10th Cir. 1980). Although these cases arise under different factual circumstances and involve reconsideration on the merits, we submit the Courts of Appeals' analyses of the policy reasons upholding EEOC's right to issue a second notice of right to sue are applicable here.

In *Gonzalez*, the Fifth Circuit articulated the policy rationale for rejecting the line of cases that held the EEOC lacked the statutory authority to issue a second notice of right to sue. "In the interests of accuracy and fairness, the EEOC should be able to reconsider a determination whenever such reconsideration would not prejudice the parties before it or violate the legislative purpose for which it was created." *Id.* at 246.

The Fifth Circuit also noted that:

> Firestone had not shown that any prejudice to it resulted from the reconsideration. Certainly it cannot claim a vested right in the EEOC's prior determination that the investigatory process was at an

4

> end or in the conclusion that it was not guilty of discrimination in its use of the testing program. It did not in any way rely on the prior determination to its detriment.

*Id.* The *Gonzalez* Court also noted: "A contrary conclusion that an EEOC notice once issued, no matter how flawed, could never be reconsidered could lead to unnecessarily harsh results for the party suffering the burden of the erroneous conclusion." *Id.*

Thus, the Fifth Circuit held that the "EEOC may issue a second ninety-day right-to-sue notice upon completion of a discretionary reconsideration of a prior determination ***provided it has given notice to both parties of its decision to reconsider within the ninety-day period provided by the initial notice of right-to-sue***." *Id.* (emphasis added).

In *Trujillo*, the Tenth Circuit cited *Gonzalez* with approval. In addition, the *Trujillo* court addressed the policy considerations of refusing to allow the EEOC the authority to rescind a notice of right to sue once issued. 621 F.2d at 1086. The *Trujillo* court stated: "But we believe such power is implicit. Administrative agencies have an inherent authority to reconsider their own decisions, since the power to decide in the first instance carries with it the power to reconsider." *Id. citing Albertson v. Federal Communications Commission*, 182 F.2d 397, 399 (D.C. Cir. 1950).

## V.

C-SPAN argues that plaintiff fails to explain why she did not file her lawsuit immediately upon receiving the January 24, 2005 Notice. The answer to that question is clear, as Crane reasonably relied on the EEOC's promise of and issuance of the ***second*** Notice of Right to Sue that clearly represents that Crane had 90 days from receipt of the second notice on or about August 8, 2005 to

5

file suit.[5]

Equitable tolling excuses a plaintiff's untimely filing of a federal claim when the court determines that Congress intended that the plaintiff's federal rights should be enforced, despite his untimely filing. *See Burnett,* 380 U.S. at 426-27. Even if the first Notice of Right to Sue is not void *ab initio,* and even if the EEOC never had the right to extend the statute of limitations by issuing a **second** Notice of Right to Sue, Crane is entitled to rely on the equitable tolling of the statute of limitations. We note that C-SPAN never addresses cases cited by Crane such as *Gray v. Philips Petroleum Co.*, 858 F.2d 610, 616 (10th Cir. 1988) ("sufficient uncontested facts to establish as a matter of law that the EEOC, a federal agency, misled or at least lulled plaintiffs into inaction"); *Martinez v. Orr*, 738 F.2d 1107, 1112 (10th Cir. 1984) (noting that the case "does not involve an unreasonable or unnecessary delay" and did not "constitute an attempt to revive a long stale claim").

Instead, C-SPAN relies heavily on *Santini v. Cleveland Clinic Florida*, 232 F.3d 823, 824 (11th Cir. 2000), where the Eleventh Circuit ruled that the second Notice of Right to Sue had no legal validity because the first Notice **that plaintiff received from the EEOC** was valid.[6] The holding in *Santini* does not assist C-SPAN because in that case plaintiff received the first Notice of Right to Sue, but sought to ignore the first Notice merely because it was undated. The *Santini* court ruled there was no basis for ignoring the notice because the absence of a date does not render the first Notice invalid. Here, on the other hand, the EEOC issued a Notice that was invalid *ab initio* because it was sent to

---

[5] The EEOC mailed the second Notice to Crane's counsel, but this was returned apparently because it did not include a suite number. *See* Plaintiff's Statement of Material Facts at ¶14.

[6] C-SPAN correctly notes that the second Notice of Right to Sue issued in *Santini* did not seek to revive a stale claim. Defendant's Reply Memorandum at 3, n. 1. We regret the error.

an address that was never an address of record. The EEOC issued the second Notice after the agency sent the first notice to an address that everyone agrees is inaccurate. *See* Defendant's Exhibits 1 and 2 (listing Crane's address in Lorton, Virginia).

On facts quite different from those presented there, the Eleventh Circuit held that the receipt of the second notice does not constitute grounds for equitable tolling where a party has actual knowledge of the first notice. In support of this holding, the *Santini* court cited *Ball v. Abbottt Advertising, Inc.*, 864 F.2d 419, 421 (6th Cir. 1988). In *Ball*, the court held that equitable tolling did not apply under different factual circumstances, where plaintiff failed to advise the EEOC of her current address ***after*** she had moved. *Id*. That is not the issue in this litigation

Review of the decisions in *Santini* and *Ball* demonstrate that the *Santini* court did not squarely or correctly address the contention raised here, *viz*., Crane was entitled to equitable tolling because she reasonably relied upon and was misled by the second EEOC Notice which represented she had 90 days within which to file suit. Under *Gray v. Philips Petroleum Co.* and *Martinez v. Orr*, discussed above, Crane is entitled to equitable tolling of the statute, where there has been no possible prejudice to C-SPAN.[7]  *See also Turgeau v. Administrative Review Board,* __ F.3d __ 2006 WL 1109772 (10th Cir. April 27, 2006) (Equitable tolling applied to statute of limitations).

---

[7] C-SPAN was aware in May, 2005 that Crane had not received the January Notice and was aware in June that the EEOC had issued a second Notice of Right to Sue, representing that Crane had 90 days within which to file suit.

WHEREFORE, plaintiff respectfully requests the Court deny defendant's Motion for Summary Judgment and Defendant's Motion for Stay of Discovery and grant her Motion for Partial Summary Judgment on C-SPAN's affirmative defense. A draft Order denying Defendant's Motion for Stay is filed herewith.

Respectfully submitted,

_____
John F. Karl, Jr. 292458
Karl & Tarone
900 17th Street, N.W.
Suite 1250
Washington, D.C. 20006
(202) 293-3200
Counsel for Plaintiff