IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANITA CRANE )<br>)<br>    Plaintiff )<br>)<br>v. )<br>)<br>NATIONAL CABLE SATELLITE )<br>CORPORATION )<br>)<br>    Defendant. )<br>_____) | Civil Action No. 1:05-cv-02052-RMU |

**DEFENDANT'S MOTION FOR AN EXTENSION OF TIME
TO RESPOND TO PLAINTIFF'S DISCOVERY REQUESTS**

Defendant National Cable Satellite Corporation (hereinafter "NCSC" or "Defendant"), moves the Court to extend the time in which it may respond to Plaintiff's discovery requests until June 12, 2006. In support of this Motion, Defendant states:

1. Pending before the Court are two fully-briefed motions by Defendant: (a) Defendant's "Motion For Summary Judgment – Plaintiff's Claims Are Untimely"; and (b) Defendant's Motion to Stay Discovery pending ruling on Defendant's Motion for Summary judgment.

2. Defendant filed its Motion for Summary Judgment on Thursday, April 20, 2006, pointing out that Plaintiff's own sworn affidavit irrefutably makes clear that her lawsuit is time-barred. In that motion, Defendant indicated that it would seek a stay of discovery.

3. On Monday, April 24, 2006, Defendant, through counsel, contacted Plaintiff's counsel to seek Plaintiff's consent to a stay of discovery. In the evening of April 27, 2006, Plaintiff's counsel responded with a definitive refusal to agree to a stay of discovery.

4.      Counsel for both parties then contacted Judge Urbina's law clerk on April 28, 2006 to address a possible stay of discovery, and a conference call was scheduled for May 3, 2006. During the May 3 conference call, the Court instructed Defendant to file a Motion to Stay Discovery.

5.      Defendant's filed their Motion to Stay Discovery on May 4, 2006 (and, among other things, identified that discovery disputes would likely have to be brought before the Court in the event discovery proceeded). Under the Court's prior oral instructions, Plaintiff's opposition was due by May 15, 2006.

6.      Plaintiff asked Defendant for an extension of time until May 18, 2006 to oppose the Motion to Stay Discovery. Defendant consented and Plaintiff filed a motion to that effect on May 5, which the Court granted.

7.      On May 18, 2006, Plaintiff filed her opposition to the Motion to Stay Discovery (although her opposition was nothing more than two sentences saying that the Court has authority to stay discovery but that it should not be granted because she did not think that Defendant's Motion for Summary Judgment had merit).[1]

8.      During the above events, Plaintiff's discovery requests to Defendant (first interrogatories, first request for production of documents, and first requests for admission), were outstanding. Defendant's responses to these requests are due on May 30, 2006.[2]

---

[1]     Plaintiff's opposition was consolidated with a reply in support of her cross motion for summary judgment.

[2]     The responses were originally due on May 22, 2006. However, when Plaintiff's counsel requested an extension of time to oppose the motion to stay discovery, he offered a one week extension for Defendant to respond to the outstanding discovery. Defendant's counsel indicated that Defendant would seek an additional extension if the Court had not ruled on the motion to stay discovery by that time.

DC1 30167355.1

9. On May 25, 2006, Defendant's counsel contacted Plaintiff's counsel and requested an extension of time to respond to Plaintiff's discovery requests until June 12, 2006. Plaintiff's counsel has not responded to the request.

10. Discovery is scheduled to close on June 18, 2006, and the requested extension would not affect this deadline. Further, no trial date has yet been set. The requested extension would avoid the unnecessary expenditure of time, resources and money in the event the Court grants Defendant's Motion to Stay and/or Motion for Summary Judgment.

11. Defendant has not previously asked the Court to extend the time for it to respond to discovery. Plaintiff has received two such extensions and an extension to oppose the Motion to Stay Discovery (which opposition was only two sentences long).

12. All briefing regarding the Motion for Summary Judgment and Motion to Stay Discovery is complete.

13. Were Defendant required to respond to Plaintiff's discovery requests at this time, it would make moot the Motion to Stay Discovery that Defendant was instructed to file.

WHEREFORE, Defendant respectfully requests that the Court extend the time in which it may respond to Plaintiff's discovery requests until June 12, 2006.

Respectfully submitted,

NATIONAL CABLE SATELLITE CORPORATION

By:   /s/ Raymond C. Baldwin
    Raymond C. Baldwin, Esq., # 461514
    David M. Burns, Esq. # 466167
    SEYFARTH SHAW LLP
    815 Connecticut Avenue, N.W., Suite 500
    Washington, DC 20006-4004
    (202) 463-2400
    (202) 828-5393 (fax)

Dated: May 30, 2006    Attorneys for Defendant