UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANITA CRANE | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| v. | ) C. A. NO. 05-2052 RMU |
| | ) |
| NATIONAL CABLE SATELLITE | ) |
| CORPORATION | ) |
| | ) |
|       Defendant. | ) |
| | ) |

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

NOTICE IS HEREBY GIVEN of supplemental authority that may be helpful to the court in resolving the pending Defendant's Motion for Summary Judgment. *Armentrout v. Aaron Rents, Inc.*, 2003 WL 649114 at *2, n 2 (W.D. Va. February 26, 2003) ("non-conforming notification is not sufficient to trigger the running of the ninety-day limitations period.")

Respectfully submitted,

_____
John F. Karl, Jr. 292458
Karl & Tarone
900 17th Street, N.W.
Suite 1250
Washington, D.C. 20006
(202) 293-3200
Counsel for Plaintiff



Not Reported in F.Supp.2d                                                                                                            Page 2
Not Reported in F.Supp.2d, 2003 WL 649114 (W.D.Va.), 91 Fair Empl.Prac.Cas. (BNA) 617
**(Cite as: Not Reported in F.Supp.2d)**

[Briefs and Other Related Documents](#)

United States District Court,W.D. Virginia.
Bethany ARMENTROUT, Plaintiff,
v.
AARON RENTS, INC., Defendant.
**No. Civ.A. 7:01CV00757.**

Feb. 26, 2003.

*Memorandum Opinion*

[WILSON](#), Chief J.
**\*1** Plaintiff Bethany Armentrout brings this suit for gender discrimination under Title VII of the Civil Rights Act of 1964, [42 U .S.C. § 2000e](#) *et seq*. ("Title VII"), against Aaron Rents, Inc. ("Aaron Rents" or "the Company"), alleging that the Company terminated her employment because she was pregnant. This matter is before the court on Aaron Rents' motion for summary judgment on the grounds that Armentrout did not timely file suit after receiving a right-to-sue letter and that it did not terminate Armentrout because she was pregnant. The court finds that the suit is timely and that there are material questions of fact as to whether Aaron Rents discriminated against Armentrout because she was pregnant. Accordingly, the court denies Aaron Rents' motion for summary judgment.

I. Statement of Facts

Armentrout worked as a Product Technician moving furniture for Aaron Rents, a national furniture and appliance rental and sales company. She became pregnant and her doctor wrote a note to her employer stating that she was only to perform light duty work. Armentrout testified at her deposition that, after learning she was pregnant, Aaron Rents' Regional Manager, John Howard, told her "that he couldn't have [her] walking around the store big bellied and pregnant." (Armentrout Dep. at 91-92). According to Armentrout, Howard told her "not to come back to the store," (*id.* at 92), that she "wasn't on leave," and that she could "clock out and not come back." (*id.* at 96). Believing Howard had fired her, (*id.* at 99-100), Armentrout called an attorney. She alleges that Howard placed her on medical leave after learning about the call. *Id.* at 102-03). Aaron Rents claims Armentrout simply abandoned her job and it terminated her for that reason on October 18, 2000.

Armentrout's attorney, Terry N. Grimes, filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on October 13, 2000. The EEOC's intake record contains Grimes' name, address and phone number as the "charging party contact information." Ostensibly, in 2001 the EEOC closed its file and issued a right-to-sue letter purportedly notifying Armentrout of her right to bring suit within ninety days. The notice, which bears a January 30, 2001 date stamp as its purported date of mailing, is addressed to Armentrout at her residence and shows a copy to Aaron Rents' counsel but not to Armentrout's counsel. The EEOC file, however, contains the following unsigned certification:
I hereby certify that on this date, I mailed the documents closing EEOC charging number *122*-81-0007 to the charging party and their representative (if any) and to the respondent and/or their representative

In late January someone from the EEOC called Armentrout and informed her that it would close her file and send her a right-to-sue notice. Later that month or early in February, Armentrout moved without updating the EEOC.

Having received nothing from the EEOC, on June 20, 2001 Grimes' office wrote the EEOC requesting it to issue a "Notice of Right to Sue" and requesting it to provide a copy of its file. In July, Grimes received a letter from the EEOC dated July 6, 2001, postmarked

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                       Page 3
Not Reported in F.Supp.2d, 2003 WL 649114 (W.D.Va.), 91 Fair Empl.Prac.Cas. (BNA) 617
**(Cite as: Not Reported in F.Supp.2d)**

July 12, 2001, together with a copy of the EEOC's file containing a copy of the January 30, 2001 right-to-sue letter. Grimes filed this suit on October 5, 2001.

***2** Aaron Rents has moved for summary judgment on the grounds that Armentrout failed to bring suit within ninety days from January 30, 2001, the date the EEOC purportedly issued its right-to-sue notice. Grimes has filed affidavits stating that he first received the notice when he received a copy of the EEOC's file in response to his June 20, 2001 letter. Armentrout has testified that she never received the notice from the EEOC.

II. Timeliness

Aaron Rents argues that this suit is untimely. The court finds that Armentrout commenced suit within ninety days of the date she received notice. Alternatively, the court finds grounds to equitably toll the ninety-day limitations period. Accordingly, the court finds that the suit is timely.

A.

Under Title VII a charging party has ninety days after receipt of a right-to-sue notice to file a complaint in federal court. § 2000e-5(f)(1); *Watts-Means v. Prince George's Family Crisis Ctr.,* 7 F.3d 40, 42 (4th Cir.1993). This ninety-day period is not jurisdictional but rather is in the nature of a statue limitations. It begins to run when either plaintiff or her counsel receives the notice, *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 92-93 (1990), and constructive receipt may suffice, thereby precluding the plaintiff from extending the deadline by purposefully avoiding receipt. *Harvey v. City of New Boerne Pol. Dep't,* 813 F.2d 652, 654 (4th Cir.1987) (citing *Bell v. Eagle Motor Lines,* 693 F.2d 1086 (11th Cir.1982)). For constructive receipt purposes, the court presumes a mailing reaches the intended recipient within three days. *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 148 n. 1 (1984); *Williams v. Enterprise Leasing Co. of Norfolk,* 911 F.Supp. 988, 992 (E.D.Va.1995). "[A]ny injustices created by the [constructive receipt rule can] be remedied by equitable tolling," *Watts-Means,* 7 F.3d at 42; *see also Zipes v. TransWorld Airlines, Inc,* 455 U.S. 385, 393 (1982),[FN1] which requires a fact specific case-by-case inquiry. *Harvey,* 813 F.2d at 654.

> FN1. The Fourth Circuit noted in *dicta,* "if triggering the period when the plaintiff receives notice of the letter would result in injustice, for example if the plaintiff was unaware that the letter about which he received notice [from the post office to pick up] was a right-to-sue letter and he was greatly delayed in picking it up, equitable tolling of the limitations period is available." *Watts-Means,* 7 F.3d at 42.

B. Notice

Aaron Rents maintains that Armentrout received both actual and constructive notice that the EEOC had dismissed her charge of discrimination and issued a right-to-sue letter. The court finds to the contrary.

Aaron Rents contends that the EEOC gave Armentrout actual notice when an EEOC employee called Armentrout and spoke with her about her charge. The court disagrees. At the very best, the evidence indicates that Armentrout was told that the EEOC *would* be dismissing, not that it had dismissed, Armentrout's charge. Title 42 U.S.C. § 2000e-5(f)(1) requires the EEOC to notify the "person aggrieved" when a charge of discrimination "is dismissed." Thus, notice from the EEOC that it *has* dismissed a charge triggers the running of the ninety-day limitations period, not notice that the EEOC will or might dismiss a charge.[FN2]

> FN2. Title 29 C.F.R. §§ 1601.18(e) provides that *"written* notice of disposition ... shall be issued to the person claiming to be aggrieved *and* to the person making the charge on behalf of such person, where applicable...."

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                                Page 4
Not Reported in F.Supp.2d, 2003 WL 649114 (W.D.Va.), 91 Fair Empl.Prac.Cas. (BNA) 617
**(Cite as: Not Reported in F.Supp.2d)**

(Emphasis added); *accord* § 1601.19(a). It would not be unreasonable to conclude that these regulations are an appropriate, permissible gloss on the statute and that non-conforming notification is not sufficient to trigger the running of the ninety-day limitations period. *But see* Ebbert v.. DaimlerChrysler, Corp, No. 02-1503, 2003 WL 252102 (3d Cir. Feb. 4, 2003) (holding that written notification is not required because §§ 1601.18-19 are not entitled to *Chevron* deference where Congress delegated no authority to the EEOC to control court procedure).

The court also finds that neither Armentrout nor her counsel received actual written notice until July 2001. In making that finding the court credits Armentrout's deposition testimony, and her lawyer's sworn statement that he did not receive notice until the EEOC sent him a copy of its file. The court discounts the unsigned certification of Hattie Spencer because it is inconsistent with other EEOC documents in Armentrout's file and, therefore, unreliable. According to the certification, Spencer mailed the notice of dismissal "to the charging party and their [sic] representative (if any) and to the respondent and/or their representative." The notice, however, shows a copy to Aaron Rent's counsel but not a copy to Armentrout's counsel, a fact that strongly corroborates Grimes' sworn statement that he first learned of the dismissal when he requested and received a copy of the EEOC's file.

**\*3** Finally, the court finds insufficient evidence of constructive receipt. When there is reliable evidence of mailing, a presumption arises that the mailing reached the intended recipient within three days. Fed.R.Civ.P. 6(e). A charging party who moves to a new address is obligated to inform the EEOC promptly. Harper v. Burgess, 701 F.2d 29, 30 (4th Cir.1983). If the charging party fails to do so, notice to the address on file is constructive notice. *Id.*; Harvey, 813 F.2d at 654. However, because here the evidence of mailing is unreliable, there is no presumption that the mailing reached Armentrout and, therefore, an insufficient basis to find constructive notice.

Accordingly, the court finds that Armentrout did not receive proper notice until July 15, 2001 and that her October 5, 2001 complaint, therefore, is timely.

C. Equitable Tolling

Even if the court were to find that the EEOC, in fact, sent the right to sue letter to Armentrout, and Armentrout failed to receive it because she failed to notify the EEOC that she had moved, the court finds sufficient reason to equitably toll the ninety-day limitations period.

It is true enough that the EEOC's regulations require the charging party to notify the EEOC when he or she changes residence. 29 C.F.R. § 1601.7(b). Those regulations, however, also require written notice "to the person claiming to be aggrieved *and* to the person making the charge on behalf of such person." [FN3] 29 C.F .R. § 1601.18(e). The requirement to send written notification to the aggrieved party and to his representative has obvious, salutary purposes the courts should not ignore. It is not unreasonable to expect the EEOC to fulfill its obligations, for counsel to expect it to do so, and for a charging party to rely on counsel. But even if the evidence established that Armentrout would have received actual notice if she had informed the EEOC that she had moved, it is not reasonably debatable that the EEOC caused the tardiness problem because it failed to follow its own regulations and give Armentrout's counsel notice. Since the court also finds that the evidence shows that Armentrout and Grimes, her counsel, exercised reasonable diligence in this matter, it finds the ninety-day filing requirement tolled until Grimes learned that the EEOC had dismissed Armentrout's charge. [FN4]

FN3. *See* note 2, *supra.* The court finds it incongruous to give effect to § 1601.7(b) but not follow § 1601.18(e) or § 1601.19(a).

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                               Page 5
Not Reported in F.Supp.2d, 2003 WL 649114 (W.D.Va.), 91 Fair Empl.Prac.Cas. (BNA) 617
**(Cite as: Not Reported in F.Supp.2d)**

>    FN4. *See Stallworth v. Wells Fargo Armored Servs. Corp.,* 936 F.2d 522, 523 (11th Cir.1991).

Therefore, Armentrout's complaint is timely.

### III. Summary Judgment

Aaron Rents also moves for summary judgment on the grounds that Armentrout has produced insufficient evidence of discrimination. The court has thoroughly reviewed that evidence and finds genuine issues of material fact for trial and, accordingly, denies Aaron Rents' motion.

### IV.

For the reasons stated, the court denies Aaron Rents' motion for summary judgment.

An appropriate order will be entered this day.

*Order*

For the reasons stated in the court's accompanying memorandum opinion, it is ORDERED and ADJUDGED that defendant's motion for summary judgment is DENIED.

W.D.Va.,2003.
Armentrout v. Aaron Rents, Inc.
Not Reported in F.Supp.2d, 2003 WL 649114 (W.D.Va.), 91 Fair Empl.Prac.Cas. (BNA) 617

Briefs and Other Related Documents (Back to top)

• 7:01CV00757 (Docket) (Oct. 05, 2001)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.