UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ANITA CRANE, | : | |
| | : | Civil Action No.:   05-2052 (RMU) |
| Plaintiff, | : | |
| | : | Document No.:   12 |
| v. | : | |
| | : | |
| NATIONAL CABLE SATELLITE CORP., | : | |
| *aka C-SPAN*, | : | |
| | : | |
| Defendant. | : | |

### MEMORANDUM OPINION

#### GRANTING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

### I. INTRODUCTION

The plaintiff, an employee at the National Cable Satellite Corporation ("C-SPAN"), brings this suit pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), alleging discrimination and retaliation. The matter is currently before the court on the defendant's motion for summary judgment. In its motion, the defendant argues that the court should dismiss the case because the plaintiff's claims are untimely. Because the plaintiff filed her complaint after the statutory deadline and because the plaintiff is not entitled to equitable tolling, the court grants the defendant's motion to dismiss.

### II. BACKGROUND

#### A. Factual Background

The plaintiff is a Roman Catholic suffering from chronic diabetes that causes her to have blurred vision during periods of excessive stress. Compl. ¶¶ 3-4. On or about November 11,

2003, the plaintiff filed an administrative complaint with the District of Columbia Office of Human Rights ("DCOHR") and the Equal Employment Opportunity Commission ("EEOC"). Def.'s Statement of Material Facts Not in Dispute ("Def.'s Stmt.") ¶ 1. On August 4, 2004, the DCOHR issued a Letter of Determination stating that none of the plaintiff's claims were supported by probable cause. Def.'s Mot. Ex 4.

As is her right, the plaintiff appealed the DCOHR decision to the EEOC. Compl. ¶ 10. On January 24, 2005, the EEOC dismissed the plaintiff's charge and issued a right to sue letter. Def.'s Stmt. ¶ 4. Through no fault of the plaintiff, the EEOC sent the right to sue letter to the wrong address, and the plaintiff never received the letter. Pl.'s Opp'n at 2; Def.'s Mot. Ex. 6 ("Crane Decl.") ¶ 2.

As a result, neither the plaintiff nor her attorney learned that the EEOC had issued a right to sue letter until May 23, 2005, when the plaintiff's counsel, John F. Karl, called defense counsel to discuss the possibility of a settlement. Crane Decl.¶ 1; Pl.'s Opp'n Ex. C ("Karl Decl.") ¶ 4. Defense counsel then informed the plaintiff's attorney that the EEOC had issued the right to sue letter on January 24, 2005. *Id.* The defendant's attorney faxed a copy of the letter to the plaintiff's counsel, Def.'s Stmt. ¶ 6, and in "late May, 2005," the plaintiff's counsel sent the plaintiff a copy of the EEOC letter, Crane Decl. ¶ 5. The faxed copy of the right to sue letter that the plaintiff and her attorney received from defense counsel states that "[y]ou may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed WITHIN 90 DAYS of your receipt of this Notice; or your right to sue based on this charge will be lost." Def.'s Mot. Ex. 5 (emphasis and capitalization in original).

After receiving the faxed copy of the right to sue letter, the plaintiff's lawyer contacted

the EEOC and explained that his client had not received the January 24, 2005 right to sue letter. Karl Decl. ¶ 5. According to the plaintiff's attorney, the EEOC's Washington Field Office State and Local Coordinator, David Gonzalez, told him that the EEOC "would likely issue a second Notice of Right to Sue." *Id.* ¶ 6. The plaintiff's attorney, however, never received the letter that he requested from Gonzalez. On August 1, 2005, therefore, Karl faxed the EEOC a letter requesting an "amended Notice of Right to Sue." Def.'s Mot. Ex. 8. On August 8, 2005, the EEOC faxed Karl a copy of the January 24 cover letter affirming the DCOHR's determination and a second copy of the January 24 right to sue letter. *Id.* The second copy was dated June 20, 2005 and stated that it was a reissue of the right to sue letter issued on January 24, 2005. *Id.*

### B. Procedural Background

The plaintiff filed suit in the Superior Court for the District of Columbia on September 21, 2005. Pl.'s Statement of Material Facts Omitted by Def. ("Pl.'s Stmt.") ¶ 15. On October 19, 2005 the defendant removed the case to this court. The defendant filed its motion for summary judgment on April 20, 2006. The court now turns to the motion for summary judgment.

### III. ANALYSIS

### A. Legal Standard for a Motion for Summary Judgment

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Diamond v. Atwood*, 43 F.3d 1538, 1540 (D.C. Cir. 1995). To determine which facts are

"material," a court must look to the substantive law on which each claim rests. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A "genuine issue" is one whose resolution could establish an element of a claim or defense and, therefore, affect the outcome of the action. *Celotex*, 477 U.S. at 322; *Anderson*, 477 U.S. at 248.

In ruling on a motion for summary judgment, the court must draw all justifiable inferences in the nonmoving party's favor and accept the nonmoving party's evidence as true. *Anderson*, 477 U.S. at 255. A nonmoving party, however, must establish more than "the mere existence of a scintilla of evidence" in support of its position. *Id.* at 252. To prevail on a motion for summary judgment, the moving party must show that the nonmoving party "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. By pointing to the absence of evidence proffered by the nonmoving party, a moving party may succeed on summary judgment. *Id.*

The moving party may defeat summary judgment through factual representations made in a sworn affidavit if he "support[s] his allegations . . . with facts in the record, *Green*, 164 F.3d at 675 (quoting *Harding v. Gray*, 9 F.3d 150, 154 (D.C. Cir. 1993)), or provides "direct testimonial evidence," *Arrington v. United States*, 473 F.3d 329, 338 (D.C. Cir. 2006). Indeed, for the court to accept anything less "would defeat the central purpose of the summary judgment device, which is to weed out those cases insufficiently meritorious to warrant the expense of a jury trial." *Green*, 164 F.3d at 675.

### B. The Court Grants the Defendant's Motion for Summary Judgment

The defendant argues that the plaintiff did not timely file her suit in this court, noting that

the plaintiff received a copy of the January 24, 2005 right to sue letter in late May, 2005.[1]  Def.'s Mot. at 3.  Because the plaintiff did not file suit until September 21, 2005, more than 90 days after the plaintiff's May 23, 2005 receipt of the letter, the defendant reasons that the plaintiff's claims are time-barred.  *Id.*  The plaintiff, on the other hand, argues that her time to file a suit in this court did not begin to run until August 8, 2005, the date that the EEOC faxed her a reissue of the right to sue letter.  Pl.'s Opp'n at 2-3.  In the alternative, the plaintiff argues that the court should toll the timely filing requirement because she reasonably relied on the statement, contained in the August 8, 2005 faxed right to sue letter, that she had 90 days to file the lawsuit.  *Id.* at 3.

### 1.  The Plaintiff's Suit is Not Timely

To maintain a Title VII claim, an aggrieved employee is required to file suit within 90 days after receipt of notice of a final administrative action.  42 U.S.C. § 2000e-5(f)(1); *see also* 29 C.F.R. § 1601.19(a) (stating that a right to sue letter must inform the aggrieved party of her right to file a suit in court within 90 days of receipt of the letter).  "Courts apply the ninety-day time limit strictly and will dismiss a suit for missing the deadline by even one day."  *Wiley v. Johnson*, 436 F. Supp. 2d 91, 96 (D.D.C. 2006) (citing *Smith v. Dalton*, 971 F. Supp. 1, 2-3 (D.D.C. 1997)).

---

[1]  The plaintiff's counsel received defense counsel's faxed copy of the right to sue letter on May 23, 2005, Pl.'s Opp'n Ex. C ("Karl Decl.") ¶ 3, and the plaintiff received a copy of the letter from her attorney sometime in late May 2005, Def.'s Mot. Ex. 6 ("Crane Decl.") ¶ 5.  Because "absent compelling circumstances, notice sent to a party's attorney imputes notice to the party, *Dekins v. Barry*, 729 F. Supp. 1, 2 (D.D.C. 1989) (citing to *Baldwin County Welcome Ctr.*, 466 U.S. 147 (1984)), the court concludes that the plaintiff received defense counsel's faxed letter on May 23, 2005.  *See also Josiah-Faeduwor v. Commc'ns Satellite Corp.*, 785 F.2d 344, 346 (D.C. Cir. 1986) (rejecting the "'bright line' rule that notice may never be imputed from counsel to client in Title VII cases").

The plaintiff acknowledges that she received notice of the EEOC's decision on May 23, 2005. She argues, however, that the 90-day period did not start to run when she received a copy of the letter from defense counsel; rather, she contends that the 90-day period started to run when she received the second copy of the right to sue letter from the EEOC on August 8, 2005. Pl.'s Opp'n at 3. Citing no legal authority, the plaintiff contends that "the EEOC has the right to extend the limitations period for filing suit, provided the EEOC does so *prior* to the date on which [the plaintiff's] claims become time barred." *Id.* (emphasis in original). In other words, to the plaintiff, the EEOC's reissue of the right to sue letter started the 90-day period running anew. Pl.'s Opp'n at 3.

Contrary to the plaintiff's argument, however, a second right to sue letter tolls the limitation period only if the EEOC issues [the letter] pursuant to a reconsideration on the merits under 29 C.F.R. § 1601.21(b). "As a matter of law, receipt of a second EEOC [right to sue letter] does not constitute grounds for equitable tolling where a party has actual knowledge of the first [letter]." *Santini v. Cleveland Clinic Florida*, 232 F.3d 823, 825 (11th Cir. 2000); *see also Billings v. Wichita State Univ.*, 557 F. Supp. 1348, 1353 (D. Kan. 1983) (commenting that "a right to sue letter is not a talisman whose power is lost if it is xeroxed or passed through a [third parties'] hands"). On May, 23, 2005, defense counsel faxed the plaintiff's counsel a copy of the right to sue letter. Karl Decl. ¶ 3. Therefore, the 90-day period started running on May 23, 2005. Although the time for filing a suit in court started running in late May 2005, the plaintiff did not file suit in court until almost four months later, on September 21, 2005. Def.'s Mot. at 1. Because the plaintiff did not file within 90 days of her May 23, 2005 receipt of the right to sue letter, her claim is untimely.

6

### 2. The Court Declines to Toll the Limitations Period

Because the plaintiff did not file suit in this court until more than 90 days after her May 23, 2005 receipt of the right to sue letter, her claim is untimely unless she can plead and prove "any equitable excuse for [her] failure to meet the ninety-day limit." *Saltz*, 672 F.2d at 209. The plaintiff argues that she did not file suit until September 21, 2005 because she reasonably relied on the statement, contained in the August 8, 2005 faxed letter, that she had 90 days to file suit. "[T]olling on estoppel grounds is proper where 'a claimant has received inadequate notice'" of her legal rights. *Smith-Hayne*, 155 F.3d at 580 (quoting *Mondy*, 845 F.2d at 1057). As stated *supra*, however, "receipt of a second EEOC Notice does not constitute grounds for equitable tolling where a party has actual knowledge of the first Notice."[2] *Santini*, 232 F.3d at 825.

In this case, the plaintiff received a copy of the EEOC's right to sue letter on May 23, 2005. The copy stated that the plaintiff had 90 days from her receipt of the letter to file suit, "or [her] right to sue based on this charge will be lost." Def.'s Mot. Ex. 5. Because the right to sue letter that the plaintiff received from defense counsel contained all of the "vital information

---

2   As the Second Circuit stated, when a second right to sue letter is

> based upon a charge involving exactly the same facts as the first [right to sue letter] . . . whether the present action is time barred must be determined with reference to only the first Notice of Right to Sue. Otherwise, the time limitations of 42 U.S.C. § 2000e-5(f)(1) would be meaningless, because potential Title VII plaintiffs could evade those requirements simply by seeking additional Notices of Right to Sue whenever they pleased.

*Soso Liang Lo v. Pan Am. World Airways, Inc.*, 787 F.2d 827, 828 (2nd Cir. 1986); *see also Morehead v. Genuine Parts Co./NAPA*, No. 99-250-P-H, 1999 WL 33117122, at *4 (D. Me. Dec. 21, 1999) (stating, in a case in which defense counsel alerted plaintiff's counsel to the fact that the EEOC has issued a right to sue letter, that the plaintiff "may not extend the applicable period of limitations for filing suit in federal court by insisting on delivery of a copy of the letter in hand or notice directly from the EEOC before she takes the very action that she could have taken upon receipt of that constructive knowledge").

bearing on the existence her claim," *Smith-Hayne*, 155 F.3d at 579, the plaintiff had adequate notice of the timeline applicable to her case. Although the plaintiff claims to have relied on the August 8, 2005 letter's statement that she had 90 days to file suit, she does not address why she ignored the same statement contained in the May 23, 2005 letter. Because "district courts should not invoke [equitable tolling] in cases where the plaintiff has failed to act diligently to preserve her claim," *Baker*, 150 F. Supp. 2d at 21, especially "when the plaintiffs have been 'unambigious[ly] notified that they must sue within ninety days of the EEOC's dismissal of the charge,'" *id*., the court declines to toll the limitations period in this case.

## IV.  CONCLUSION

For the foregoing reasons, the court grants the defendant's motion for summary judgment. An order directing the parties consistent with this Memorandum Opinion is separately and contemporaneously issued this 30th day of April, 2007.

                                                                RICARDO M. URBINA
                                                                United States District Judge